Mr. Justice Clayton
delivered the opinion of the'court.
This was an action of assumpsit brought against the plaintiffs in error as members of the Grenada Savings Institution, which was an unincorporated association for banking purposes. The plaintiff, in order to prove the liability of the defendants, who had put in the plea of non assumpsit under oath, introduced one D. E. Cuyler as a witness. The defendants required him to be sworn on his voir dire, and in reply to an interrogatory he stated, that he had been a partner in the institution from the commencement till its dissolution. He was then objected to, but the court overruled the objection and permitted him to be sworn. The correctness of this, is the first question made in the argument. The witness was no party to the suit. This case is different from the two cases heretofore decided by this court, in relation to the admissibility of partners as witnesses, in this, that here the partner is called by the plaintiff to testify against his copartners; in those he was called by the copartners to testify in their behalf. Collins v. Flowers, 1 How. 27. Scott v. Watkins, 2 S. & M. 255. Though the language in the former case is very broad, it must be taken with reference to the facts of the case before the court. We think that in a case like the present, a partner is competent. In reference to a joint debtor, the rule laid down in 2 Phil. Ev. 81, and 3 Phil. 1520, “ that such debtor when called by the plaintiff is com *319 petent, unless called to prove a joint liability, because his interest is adverse to the plaintiff,” was adopted by us in the case of the Com. & R. R. Bank of Vicksburg v. Lum, 7 How. 419. As all debts are with us joint and several, there is perhaps no reason for the restriction upon .the,rule stated by Phillips, or rather by his annotators. Upon principle, the same rule would seem to be applicable to partners, and it has been so expressly decided. Blackett v. Weir, 5 Barn. & Cresw. 385. 1 Phil. 60. We think therefore that the witness was competent.
, The next objection arose to the admission of a certificate of deposit, purporting to have been executed on the part of the institution, in favor of Munford. The association was formed 6th January, 1838, and one of its articles provided for the reception óf new members. It was resolved at that time, that they should proceed immediately to issue notes. Morton became a member on the 31st of May, 1838, and Lake on the 18th of June. Ón the 7th of ikarch, 1839, the association appears to have been dissolved, and commissioners were appointed to wind up its concerns. The certificate read in evidence against the objection of the defendants, bore date 3d May, 1839, some time after the dissolution. It is in these words, “ W. W. Munford has this day deposited in this office four hundred and thirty dollars in tickets upon deposit, subject to him only and the return of this certificate.” This certificate clearly does not show any liability of the defendants, because it does not state, whether the tickets deposited • were those of the institution. To supply this defect, the plaintiff asked the witness, if he had given it for and on behalf of the commissioners, and if the consideration was the tickets or issues of the Grenada Savings Institution, to which he replied in the affirmative. The point then arises, whether after this explanatory evidence, the certificate was admissible. The true rule in regard to the introduction of testimony, except perhaps in the trial of ejectments, is that the evidence should appear to be relevant at the time it is offered. A more liberal practice, however, has prevailed, which we are not disposed to disturb, that if the evidence be shown to be relevant at any time during the trial, it is *320 sufficient. At the time 'the certificate was offered and objected to, it did not appear to have any relation to the liability of the defendants. The subsequent testimony was intended to give it that effect. If it did so, it was properly admitted, if not, it should have been excluded, when the plaintiff closed his testimony. A few considerations will determine this point. , The institution was organized early in January, 1838, and one of the first resolutions then adopted, was that “ ten thousand dollars in tickets should be issued as soon as convenient,” and this is the only resolution of the board which was given in evidence, that gave authority for any issuance of its paper. The defendants Morton and Lake did not become members of the association, until some months afterwards, and they did not thereby become liable for its previous debts, without some special undertaking; which is not shown. 3 Kent, 35. This is the point which they distinctly present in their plea, as appears by the affidavit. After the dissolution neither the commissioners nor their agent had any authority to bind the members of the association by any new undertaking. The certificate was therefore no evidence against them, unless given for'"tickets for which they were liable. The bill of exceptions sets out all the testimony, and there is no proof to show that it was given for tickets or notes of that character. To hold them bound for such as were issued before they became members, is not warranted by any just principle of law.
We think, therefore, in relation to the defendants Lake and Morton, that the court erred in permitting the certificate to be read to the jury, without evidence that it was given for notes or tickets or other liability of the association incurred after they became members. As to the defendants who put in no plea under oath, there is no error, but the judgment must be reversed as to the parties who prosecute the writ of error.
Judgment reversed and cause remanded for new trial.