INHABITANTS OF BANGOR *versus* INHABITANTS OF BRUNSWICK.

Where evidence was admitted for the defendant, upon condition that he would prove another material and connected fact, which he was unable to prove, *it was held,* that the jury should disregard the evidence so admitted.

Though the jury were not *expressly instructed,* to disregard the testimony, so admitted, yet, as the proceedings were had in their presence, the Court will presume, that the jury understood the matter, and that they accordingly did disregard the evidence.

Where an action was commenced by one town against another for the support of a pauper, and a verdict was returned for plaintiffs, and while that action was pending, on a motion for a new trial, another suit was instituted between the same parties for the support of the same pauper, and in this, a verdict was returned for defendants, and exceptions filed, and afterwards the verdict in the first action was set aside; *it was held,* that however the first action might be decided, the Court could only render such judgment in the latter action, as the exceptions authorized.

Bangor *v.* Brunswick.

Whether, on the new trial in the first suit, the question of the settlement of the pauper can be raised, *quære.*

ASSUMPSIT, for supplies furnished to a pauper, whose settlement was alleged to be in Brunswick.

There was much testimony introduced at the trial, before SHEPLEY, C. J., as to the settlement of the pauper.

The jury were instructed, as to the facts needful to constitute a settlement, and as to the mode in which a settlement may be lost.

To those instructions, and also to the ruling, relative to the admission of proof as to the handwriting of Judge Perham, as stated in the opinion of the Court, the plaintiffs excepted.

*Peters,* for plaintiff.

*J. A.* and *H. Poor,* for defendants.

TENNEY, J. — The defendants introduced the lists of voters of the city of Bangor for several years, during the time, when they contended the residence of the pauper was there. Upon the list of the year when the plaintiff insisted that the pauper had abandoned his residence in Bangor, was written against his name the words "old settler," or something like it, and it was in testimony, that these words were in the handwriting of Judge Perham. This addition to the name of the pauper upon the list, was objected to as being improper evidence in the case, by the plaintiff, but on its being stated on the other side, that it would be proved, that Judge Perham was an alderman of the city of Bangor, that year, it was admitted. But it afterwards appeared by the introduction of the records of the city, that Judge Perham was not an alderman that year.

Selectmen of towns are required to prepare lists of those, who shall appear to them to be constitutionally qualified to vote for State officers, on or before the eleventh day of August, of each year. R. S. chap. 6, sect. 1. By the 36th section of the same chapter, the aldermen of any city, shall be the selectmen of the town, which by the preceding section the city shall be, for the purpose of electing such officers. Any words therefore, which appear upon lists prepared by the aldermen,

in the handwriting of a member of the board, are presumed to have been properly made by authority of the whole board. When the evidence was admitted, it was upon the statement that it would be proved that Judge Perham was an alderman. To make it evidence, it was considered, that it was necessary to show, that it was the handwriting of Judge Perham, and that he held the office, which might authorize him to write the words. One must be shown before the other, and the Judge could not with propriety direct, which should be done first. Either fact alone, would be of no consequence. It turned out, that the counsel who stated that he should prove that Judge Perham was an alderman, was mistaken therein, and the other fact became immaterial. The jury must have understood from what took place, that they were not to regard it.

The counsel for the plaintiff do not seem to have relied upon the exceptions taken to the instructions to the jury. They are believed to be in accordance with principles which are well settled.                         *Exceptions overruled.*

This action was commenced on Dec. 2, 1845, and tried Oct. term of this Court, 1847. An action between the parties for the recovery for supplies furnished previously, for the same pauper, was tried Oct. term, 1844, and a verdict for the plaintiff then rendered, set aside June term, 1848. At the next term, the exceptions in the action tried in 1847, not having been argued, the counsel for the defendants agreed with the counsel for the plaintiff, that in considering the law raised by the exceptions, the Court should decide, what would be the effect of a verdict and judgment for the plaintiff, in the action first brought and tried, if such should be the result, upon the other action, in which exceptions had been taken; and if the Court should be of the opinion, that a verdict and judgment in the former could have any effect upon the latter, no judgment should be entered in the latter, until the other action should be tried, and all questions of law which might be raised therein, should be definitively settled. Thereupon the Court directed, that the action first brought, should be continued.

Bangor v. Brunswick.

The action first commenced stands for trial by the jury, and no restriction is imposed by the agreement, touching the questions, which may be raised at the trial. The other action was tried before the verdict in the first was set aside ; and it does not appear that any objection was made to the opening of every question, which could have been presented, if it were the only action which had been or was then pending for relief afforded to the same pauper. Indeed there could have been no valid objection to such a course, inasmuch as no judgment had been entered in the case, when the verdict had been rendered. It was competent for the Court to have continued the action tried in 1847, till there had been a final judgment in the other. If that had been done, the question of settlement of the pauper, could not afterwards have been raised. Rev. Stat. chap. 32, sect. 30. But such was not the course taken, and at the trial of the last action, the provision referred to was inapplicable. A verdict was returned for the defendants, exceptions taken to the ruling, and instructions, given to the jury. These exceptions are all, that is before the Court at this time, and a delay until judgment may be rendered in the other action, either for the plaintiff or defendants, cannot authorize the Court to determine questions different from those presented by the exceptions. The fair construction of the statute is, that when an action is brought to recover for relief afforded to a pauper, and a trial is had upon an issue, in which is involved the question of his settlement, that question shall not be again tried by a jury, in a future action brought for the support of such pauper. It was not intended to affect a case where a verdict had been rendered, and where judgment was suspended only by exceptions. Whether in the trial of the action, which was first commenced, the question of the settlement of the pauper can be raised and tried, is a matter not presented in the agreement, and consequently no opinion is given.                    *Judgment on the verdict.*