## FITZGERALD, ET AL. vs. THE STATE.

1. The admissibility of testimony, in all cases, cannot be certainly determined, until all the facts are elicited; and, if on the examination of witnesses, incompetent evidence be admitted, but afterwards excluded by proper instructions, it is no ground of error.

2. If a person, who is a material witness for the defendant, is jointly indicted with him, and there is no evidence, or but slight evidence, against him, the proper practice is to apply to the court to permit the issue as to the intended witness, to go immediately to the jury, and, if found not guilty, he may then be sworn as a witness. 8 *Mo. R.* 26.

3. Whether persons jointly indicted shall have separate trials, is a matter of discretion with the court; and unless some reason, to the contrary appears, it will be presumed to have been soundly exercised.

## APPEAL from St. Louis Criminal Court.

WRIGHT & SHREVE, for plaintiff in error.

I. The attention of the court is directed to the evidence in this case, and we think we may safely say, so far as some of the defendants are concerned, that there is not sufficient evidence to sustain the indictment, and that the jury had utterly failed to distinguish in the application of the testimony. The trial of this cause took place on the 28th of Jan , 1850. On the 13th of Jan., 1850, a motion for a severance was filed in writing by two of the defendants, Thomas and Ward. This motion was overruled by the court. The defendants insist that they should have been allowed to sever. Though it is discretionary with the court to allow separate trials to persons jointly impleaded, yet this court will see that the discretion vested in the lower court is soundly exercised; and in all felonies it is a right Stat. Rev. Mo. sec. 23, p. 881.

II. Although no motion in arrest was made after the verdict in the case, the court is requested to look into the indictment. The supreme court decided in the case of Hamuel vs. The State, 5 Mo. R. 260, that they would look into the validity of an indictment whether motion in arrest was made or not.

The indictment in this case, by its very terms, alleged a substantive and distinct offence to have been committed. It is, therefore, no conspiracy to do the thing charged, but the offence is actually perpetrated; and consequently the attempt is merged in the commission. See Wharton Cr. Law, p. 489.

When even the conspiracy is consummated, and the offence done is greater than the con-

Fitzgerald, et al. vs. The State.

spiracy, the lesser s merged in the greater offence. Conspiracy is but a misdemeanor, but felony when perpetrated—and so punished.

III A conspiracy must be established *aliunde*, before the declarations of defendants can be introduced by the State, at least before the declarations of one defendant can bind his co-defendants, who are not present. See Wharton's Cr. Law, p. 188, 492-3-5; 2 Stark., pages 26, 233 and 5.

The court in this case permitted the prosecutor to give in evidence conversations with one of the defendants, Fitzgerald, and refused to instruct the jury that these conversations did not apply to the other defendants, unless a common design to cheat was first made out.

This common design and confederation, we know can be gathered from the acts and sayings of the parties, but the declarations of one cannot be used against the others until this is done.

IV. Where no evidence, or but slight evidence, is offered by the State against one of several defendants jointly impleaded, *that* defendant is entitled to the opinion or verdict of the jury as to his case, even though the avowed object be to use his testimony in behalf of other defendants. Rucker vs. Eddings, 7 Mo. R. p. 115; Brown vs. Burrows, 8 Mo. R. p. 26; Garrett vs. The State, 6 Mo. R. p. 1.

The evidence does not involve Ward, (one of the defendants,) who asked that his case might be passed upon. He was acquitted by the jury afterwards. His name is not mentioned in the case, in connexion with the transaction. The prosecutor was only introduced to him as a Quaker's son from Philadelphia—fact not traversed, and implying, certainly, no discredit in itself.

V. The last point raised in this case is the error of the court below in giving improper, and refusing proper, instructions. The court will observe that some of the instructions asked for by the defendants, were upon the same points upon which the court gave instructions upon its own motion, but the language of these instructions of the court differed materially from those asked by the defendants, and said instructions do not supercede the propriety of those asked for by the defendants. The points already presented in the case, and the record itself, it is conceived, show the propriety, legality and application of all the instructions asked for by the defendants, not one of which was given by the court—or substantially given by the court *ex mero motu*.

All of which is respectfully submitted.

LACKLAND, for the State.

I. The court committed no error in refusing the separate trial asked for by the appellants. It is a matter of discretion with the court, made so expressly by statute. R. S. p. 881, sec. 23. There was no reason for it, and unless the contrary is shown, which is not in this case, the court will presume that the vested discretion was soundly exercised. No authority is supposed necessary.

II. The court was right in not excluding the declarations of one defendant until combination and conspiracy by all was shown *aliunde* The court could not be called on in a case of conspiracy to measure the application of each sentence as it was uttered by a witness.

III. There was no error in allowing the State to read from the preliminary notices which had before been put in evidence by the appellees. The bill of exceptions does not show that anything hurtful to the defendant was read. That should be shown before the the court will so determine. It must have a basis for its judgment which the record in this case does not give.

IV. The instructions for the State were all law and properly given, and those asked by the appellants and refused were not law, and were, therefore, properly refused.

V. There was some evidence against the defendant, Ward. The court should only allow the jury to pass on one defendant, when there is no evidence against him.

Fitzgerald et al. vs. The State.

BIRCH, J., delivered the opinion of the court.

The defendants were indicted for a conspiracy and confederation to cheat and defraud one Simpson of five half pipes of brandy, upon the trial of which one of them was acquitted and the other four convicted. In the course of Simpson's examination as a witness for the State, the court was verbally requested to instruct the jury that the declarations of Fitzgerald (which the witness was detailing) were not evidence against the other defendants, who were not present at the time, to which the State replied that it would not be claimed as evidence unless a combination was shown. " The testimony was admitted" by the court, on the ground that if no concert and combination was shown among the defendants, the instruction would at the proper time be given to the jury. This the defendants excepted to, and rely upon as error.

As in cases of this nature it is laid down as being at least within the discretion of the court to permit such an invasion of the more usual method of introducing such declarations as those complained of, as may promote the convenience of the examination, and thus facilitate the ultimate elicitation of all the facts which may be received and acted upon as testimony, the court is rather to be commended than otherwise for having, in the case before us, reserved its instructions until all the facts were before it.

Amongst the instructions then given, one was, "that the declarations of Fitzgerald, or any other person, not made in the presence of, or acquiesced in by other defendants, is no evidence against such absent defendants, until concert and connexion is established between the defendants to obtain the property," &c. This, it seems to us, was at least a sufficiently lenient declaration of the law, leaving the issue upon the alleged conspiracy, to be found by the jury upon other at least concurring testimony, and that unless or " until" they so found that fact, (at least presumptively) the declarations of Fitzgerald could not be evidence against his alleged confederates. The rule is, that when the aggregate of the testimony is such that declarations like those complained of may be regarded in the nature of concurring acts, in the course of a conspiracy otherwise presumptively established, they may be permitted to enter into the estimate and finding of the jury, but not "until" then; and as it would be unreasonable to suppose that the jury could have understood the instruction in a stronger sense than that, the verdict and judgment should not be disturbed for any error alleged in that respect.

We find in the record that previous to the day of the trial, a motion

was filed in behalf of two of the defendants (Thomas and Ward) to permit them to sever in their defence, and that it was overruled. Subsequently, upon the trial, after the testimony was closed, the counsel of the defendants asked that the jury be permitted to pass upon the case of Ward, for the purpose of using him as a witness for his co-defendants, and this, also, was refused. As Ward was acquitted, and is not a party to the appeal here, the action of the court in its final refusal to let his case be passed upon seperately, with a view of using him as a witness for the others is all that need be now considered. Indeed, according to one view of the case, much the same discretion should be exercised by the criminal judge in the one case as in the other, the only object in view (here to be considered) being the same in both cases.

It was laid down in Bedder's case (1 Sid. 237; Hank. P. C. b. 2, C. 46, sec. 98) that such of the defendants in an information against whom no evidence has been given may be witnesses for the others ; and in Frazer's case (1 McMal. 56) the practice was established to apply to the court, in such cases, to permit the issue as to the intended witness, to go immediately to the jury, and if found not guilty that he would be a competent witness. This is believed to have been the limit, under the English practice, in cases of persons jointly indicted as these were. In a case not strictly analogous, (Brown vs. Burrus, 8 Mo. 26) our own court signified that the practice should be extended to cases where there was but "slight evidence."

The case before us falls within neither of these designations. Ward was introduced to Simpson by Fitzgerald and Thomas, and the three introduced their intended and ultimate victim to another person, who readily offered to buy, as Ward and the others had previously done, but (like all the rest) had no money. How Ward came to be apparently dropped, or at least to keep out of sight during the subsequent and closing scenes of the swindle, is left to inference alone, and that inference (it is but too apparent) was anything but favorable to his fitness as a witness. His part of the conspiracy may have been to know just enough about the transaction and the parties to swear his confederates clear. At all events, and notwithstanding his acquittal, this court does not disapprove the discretion and the firmness which was exercised by the criminal judge, in resisting all the steps which were resorted to with a view of qualifying him as a witness.

Concurring the refusal of the court to permit the defendant, Thomas, to sever upon the trial, the objection is sufficiently answered in the brief which has been filed for the State. It is also considered that the State has properly enough replied to the objection which has been raised con-

curring what was read from the preliminary examination before the jus-tice, so that whether the offence of conspiracy to cheat and defraud a citizen is merged by successfully carrying that conspiracy into effect, is all that remains to be here considered. As the first count in the in-dictment charges both offences, (if indeed the latter be a distinct of-fence, instead of the consummation or evidence of one,) it might be suf-ficient to reply that the jury found the defendants guilty of the former only. The better answer is, however, that as the offence of cheating is but a misdemeanor at common law, and as our statute is otherwise silent upon the subject, the conspiracy and the consummation of it in this case are, at the worst, but offences of the same general grade, in reference to which there can be no legal merger. 4 Wend. 265.

Upon the whole case, therefore, the judgment of the criminal court is affirmed.