## COOK & MITCHELL v. ROBINSON.

1. **Evidence:** ORDER OF INTRODUCTION: PRACTICE. Where distinct propositions must be established to make out the case, it is not error to permit the party to present his evidence to support them in whatever order he may elect.

2. ——: WHEN INADMISSIBLE: PRACTICE. If incompetent evidence is permitted to be introduced, which the court afterwards instructs the jury not to consider, no prejudice is wrought by its introduction.

3. **Instructions:** WHEN IMPERFECT. The giving of instructions which contain abstract propositions of law not applicable to the case, or expressions obnoxious to verbal criticism, will not justify reversal if no prejudice is wrought thereby.

4. **Verdict:** CONFLICT OF EVIDENCE. The verdict will not be disturbed simply because it is against the weight of the evidence, in cases where the evidence is conflicting.

*Appeal from Delaware District Court.*

WEDNESDAY, MARCH 22.

THIS action is founded on five promissory notes made by defendant, payable to the order of McKinney, Potter & Co., and indorsed by them to plaintiffs. Plaintiffs allege that each of said notes was indorsed and transferred to them by the payees before the maturity thereof.

Defendant answers admitting the execution of the notes, denying that plaintiffs are the owners, and averring that the same are held by plaintiffs for the use and benefit of McKinney, Potter & Co., the payees. It is further averred that said notes were given for certain machines called the "Buckeye Grubber," manufactured by McKinney, Potter & Co. for themselves and plaintiffs, and that plaintiffs and said McKinney, Potter & Co. sold said machines to defendant under a warranty; that said machines were worthless, the warranty broken, and the consideration of the notes failed. And as further defense the defendant avers that on the 15th of February, 1871, plaintiffs and McKinney, Potter & Co. verbally agreed with defendant that they would make said machines work as they had been

warranted when sold, and that they would send an agent to work off and sell all of said Grubbers for defendant, and that the time of payment of all said notes should be extended until such time as plaintiffs and payees would send said agent, make said Grubbers work as warranted, and until all were sold; that plaintiffs and payees have wholly failed so to do, and that, therefore, said notes are not yet due.

To this answer there was a reply in denial; trial by jury; verdict for defendant, and plaintiffs appeal.

*H. B. Fouke*, for appellants.

A subsequent parol agreement is competent to alter or abrogate a written contract, or to show that the time of the performance has been enlarged. (1 Greenl. on Ev., §§ 303-4.) A part or executed consideration is not sufficient to sustain a promise founded upon it, unless there was a request for the consideration previous to its being made or done. (1 Pars. on Con., 392.)

*Shiras, Van Duzee & Henderson* and *A. E. House*, for appellee.

It is the province of the jury to decide questions of fact and pass upon the weight of the evidence. (*Muldowney v. The Ill. Cen. R. Co.*, 32 Iowa, 176.) The verdict will not be disturbed unless it is plainly the result of passion or prejudice. (*Koester v. Ottumwa*, 34 Iowa, 44.) The notes being tainted with fraud in their inception, the burden is upon plaintiffs to show they are *bona fide* holders for value. (*Lane v. Krekle*, 22 Iowa, 399; *Lillyman v. King*, 36 Id., 207; *Bolton v. Jacks*, 6 Robertson, 166.) The prevention of litigation is a valid and sufficient consideration. (1 Pars. on Con., p. 438, *et seq.*) Courts refuse to disturb contracts on questions of mere adequacy, whether the consideration is of benefit to the promisor or of injury to the promisee. (1 Pars. on Con., 436; *Harlan v. Harlan*, 20 Pa. St., 303; *Davidson v. Little*, 22 Pa. St., 245.)

ROTHROCK, J.—To notice all the errors complained of would unduly extend this opinion. We shall, therefore, content ourselves with briefly alluding to those which, in our judgment, demand attention. It is proper here to remark that the evidence shows the machines to be practically worthless, and on this there is no conflict in the evidence.

I. It is alleged as error that defendant was permitted to show the warranty of the machines, and the breach thereof, and consequent failure of consideration, without first connecting the plaintiffs, either as partners or as parties, with an agreement for extension of

1. EVIDENCE: order of introduction: practice.

time. The order in which evidence is allowed to be introduced is a matter in the discretion of the court, and in this class of cases where there are distinct propositions to be established, in order to make a case or a defense, it is not error to allow the party to present his evidence in such order as suits his convenience.

II. It is alleged as error that the court admitted evidence of the declarations of Potter and McKinney as to the alleged partnership of Cook & Mitchell with Potter, McKinney & Co.

This was manifest error. The issue sought to be thus established was the alleged partnership, and in no view of the case was it competent, as tending to show that relation, to allow the statements of either Potter or McKinney to be given to the jury as against Cook & Mitchell.

2. ——: when inadmissible: practice.

If this error had not been corrected by the court, it would have constrained us to reverse the case. But the court in the second paragraph of its instructions to the jury, in plain terms takes these declarations away from their consideration, saying that they are not proper evidence. This being done the error is cured, and the plaintiffs were not prejudiced thereby.

III. The plaintiffs excepted to nearly all of the instructions given by the court on its own motion, and to the refusal to give a number of instructions asked by them. Some of the instructions asked were, with slight

3. INSTRUCTIONS: when imperfect.

and not improper modifications, incorporated into those given by the court, and although the instructions given contain some abstract propositions of law not necessary to be given

in the case, and some expressions which, by a critical analysis of the language, are incorrect, yet upon the whole we are not prepared to say that they contain error to the prejudice of the plaintiffs, or that they tended to mislead the jury on any issue in the case.

IV. The main question is, can this verdict be supported by the evidence?' We are free to say that sitting as a court to determine this case, with this abstract alone before us, we would find for the plaintiffs. But there is a strong conflict in the evidence as to what transpired between the parties on the 15th of February, 1871. If what the defendant states be true, then the verdict is correct. The jury had this witness before them, and there may have been, and probably was, that in his manner which impressed them with the truth of his testimony; and it will be remembered that Mitchell is the only witness introduced by the plaintiffs, who was in a position to contradict the defendant, and under the rule so often stated, and which need not be repeated here, we cannot interfere with the verdict. We need not give the evidence above alluded to. It will be understood by the parties and will be of no interest to the general reader.

*4. VERDICT: conflict of evidence.*

V. Pending the motion for new trial, the court required the defendant to allow judgment to go against him on the two notes of $123 each, there being really no evidence impeaching the consideration for them, as they were not given in purchase of the machines. To this the defendant assented, and judgment was thereupon rendered thereon, and the motion for new trial overruled. To this plaintiffs excepted.

Finding as we do that there is no prejudicial error in the case, as to the notes given· as the price of the machines, the plaintiffs are not in a position to complain that the court below, with defendant's consent, rendered judgment for the two notes, to which there was really no defense.

AFFIRMED.