ISAAC R. HOUSTON v. LUTHER RUSSELL, Jr.

*School District. Collector. Gen. Sts. c. 84, s. 54. Sts. 1868,*
*No. 36. Evidence. Assumpsit. Demand.*

In assumpsit by a school district collector against a constable, for taxes assessed by the district against non-residents and collected by the constable, it appeared that the list of such taxes was delivered to defendant by C., a former collector, that C. removed from town, that another was elected in his place but refused to accept, and that the selectmen appointed plaintiff to fill the vacancy. The declaration alleged that plaintiff " was duly appointed collector" by the selectmen. Plea was general issue, with notice that plaintiff was not the legal collector. After the opening argument had been made, defendant insisted that it should have appeared that plaintiff was sworn, but the court ruled that the objection was not seasonably made. *Held*, that plaintiff, to recover, must prove that he was the legally qualified collector; that, under s. 54, c. 84, Gen. Sts., and No. 36, Sts. 1868, to be qualified he must be sworn; that the objection could be taken when plaintiff rested, or when the case in due course came to defendant for argument; and that therefore the ruling was erroneous.

It appeared that defendant had paid the sum in demand to C. after C. had settled with the district, surrendered his tax-bill, and taken up his receipt therefor. To show that defendant knew, when he paid said sum, that C. had settled with the district, &c., plaintiff called the district clerk, who testified that he so told him. The witness was then asked whether what he so told him was true; to which defendant objected for that it was not admissible to show that by the witness's declaration. But the witness was permitted to reply, and he replied that it was true that C. had surrendered his books, so far as he knew, but that he could not swear that he had taken his receipt "further than what . . . the treasurer told him"—that the district treasurer told him he had given up C's receipt. *Held*, that a legitimate answer to the question was admissible, not to enforce the testimony of the witness that he told C., but to show that C. had surrendered the tax-bill, for, to recover, plaintiff must show the tax-bill out of C's hands and into his own; and that although the witness in answering testified to hearsay, and although it did not appear that that part of the answer was withdrawn from the consideration of the jury, yet, as the question did not call for hearsay, and as defendant did not request instruction in regard to that part of the answer, there was therein no ground for exception.

There was conflict of evidence as to whether plaintiff made demand before bringing action. The court refused to allow defendant to go to the jury on that question. *Held*, that it was defendant's duty to pay over the money within a reasonable time after collecting it, and that, if he did not so pay, plaintiff might bring an action therefor without demand, just as C. might have done had he remained collector; and that therefore the ruling was correct.

ASSUMPSIT by the collector of school district No. 4, in Victory, against the constable of that town, for non-resident taxes collected

and not paid over to the district. Plea, general issue, with notice that the plaintiff was not the legal collector. Trial by jury, March Term, 1879, Essex County, POWERS, J., presiding.

The declaration alleged that on January 1, 1877, Zephaniah C. Chappel was elected collector of said district, and had in his hands a bill of taxes assessed for the support of schools therein; that there were unpaid taxes thereon against non-resident owners of land, &c., to the amount of $45; that Chappel, as such collector, agreeably to statute, deposited a list of such taxes with the defendant, as such constable, and that the defendant collected said taxes; that on March 27 Chappel lodged his tax-bill with the clerk of, and removed from, said district, and that on March 28 the defendant paid to said district $25 of said taxes; that at the annual meeting of said district on the last Tuesday of March, one Jabez James was elected collector, but that he refused to act, so that the office became vacant; that thereupon, on June 20, the plaintiff " was duly appointed " by the selectmen of the town, collector of the district to fill said vacancy; that the clerk of the district then delivered the tax-bill, &c., to him, there being $20 of the money collected as aforesaid still in the defendant's hands; that the defendant had due notice thereof, and that thereby an action accrued to have and recover said $20 of the defendant.

It appeared that Chappel was the collector of said district, and the defendant constable of said town, for 1876; that Chappel, as such collector, put into the hands of the defendant, as such constable, agreeably to the provisions of chapter 84, Gen. Sts., a list of taxes assessed by the district against non-residents, to the amount of $45, for which the defendant gave Chappel a receipt; that in March, 1877, Chappel left town, and that in May, the defendant, although he had then collected taxes on that list to the amount of $13 only, paid over $25 to the use of the district; that said James was elected collector for 1877, but declined to accept the office, so that the office became vacant; and that the selectmen thereupon appointed the plaintiff collector as alleged, and the plaintiff took the tax-bill of 1876 from the clerk of the district. " No proof of any kind was offered to show that the plaintiff was ever sworn as collector. The defendant claimed, after the opening ar-

gument had been made, that it must appear that plaintiff was sworn. The court did not regard the objection as seasonably made, and ruled it out of time, to which defendant excepted."

It appeared that in March, 1878, and before this action was brought, the defendant paid $20 of the amount of said list to Chappel, who had then ceased to be a resident of the town. To show that the defendant knew before making such payment that Chappel had surrendered his tax-bill, and been settled with by the district, the plaintiff called C. A. J. Shores, the clerk of the district, as a witness, and asked him what he told the defendant. He replied that he told him that Chappel had surrendered his tax-bill and taken up his receipt, and that he must not pay him. He was then asked if what he told the defendant was true. The defendant objected, for that it was not admissible to show anything about a settlement between Chappel and anybody by the witness's declaration. The court said: " So far as he gave the defendant notice that Chappel had surrendered his books, and that he must not pay any further sums to him, that is clearly admissible—you may put it in at your own risk." To that the defendant excepted. The witness then answered: " It was true that he had surrendered his books, so far as I know, but whether he had got his receipt, I could not swear that I knew that he had, any further than what Mr. Houston, the treasurer, told me. He told me that he had given him his receipt." The witness further testified that Chappel came to him and said he was about leaving, and that he wanted to settle and surrender his tax-bill ; that he gave up his tax-bill and got his receipt of the plaintiff, then treasurer of the district, with whom the receipt was lodged. There was no evidence to prove that the defendant was present when the conversation was had between the witness and Chappel ; and the defendant denied having such conversation with the witness as the witness testified to. The plaintiff testified that as treasurer he settled with Chappel and gave up his receipt to him.

There was a conflict of testimony as to whether the plaintiff or any representative of the district made any demand on the defendant before this action was brought. The defendant contended that a demand was necessary, and that that question should be

submitted to the jury. The court ruled otherwise; to which the defendant excepted.

*Elisha May*, for the defendant.

Section 23, c. 84, Gen. Sts., requires the constable to pay the non-resident taxes to the collector of whom he received his list.

The plaintiff should have proved that he was sworn. Gen. Sts. c. 84, ss. 53, 54; Sts. 1868, No. 36; *McGregor* v. *Balch*, 14 Vt. 428; 1 Greenl. Ev. ss. 56, 92. See also Gen. Sts. c. 15, s. 16, c. 22, s. 49; *Courser* v. *Powers*, 34 Vt. 517.

The testimony of Shores was improperly admitted. *Hadley* v. *Howe*, 46 Vt. 142; *Henkle* v. *McClure*, 7 Reporter, 571; *Wing* v. *Chapman*, 49 Vt. 33; *State* v. *Carlton*, 48 Vt. 636; *Munson* v. *Hastings*, 12 Vt. 346; *State* v. *Barron*, 37 Vt. 57; *Whitney* v. *Houghton*, 6 Reporter; 779; *Farmers' & Mechanics' Bank* v. *Champlain Transportation Co.* 23 Vt. 186.

A demand was necessary. *Lamphere* v. *Cowen*, 42 Vt. 175.

*O. F. Harvey* and *H. C. Ide*, for the plaintiff.

No oath was necessary; but, whether that be so or not, it will be presumed, after proof of appointment, &c., that the plaintiff took one. The ruling is supported by *Wakefield* v. *Fairman*, 41 Vt. 339. Besides, there was evidence tending to show that the plaintiff was in fact the legal collector. That being so, the defendant could at most only ask to have that question submitted to the jury.

The testimony of Shores was admissible. The question was, Had the defendant received notice that Chappel was no longer collector? It was more probable that Shores told him, if Chappel was no longer collector. *Norton* v. *Downer*, 33 Vt. 26; *Kimball* v. *Locke*, 31 Vt. 683; *Hardy* v. *Cheney*, 42 Vt. 417.

No demand was necessary. It was the duty of the defendant to collect and pay over. Gen. Sts. c. 84, ss. 22, 23; 1 Chit. Pl. 331, note 2.

The opinion of the court was delivered by

Ross, J. I. "No proof of any kind was offered to show "that the plaintiff was ever sworn as collector. The defendant

" claimed, after the opening argument had been made, that it must " appear that the plaintiff was sworn. The court did not regard " the objection as seasonably made, and ruled it out of time, to " which defendant excepted." This is the first exception raised upon the face of the bill of exceptions, and relied upon by the defendant in this court. The plaintiff sues in his capacity of collector of school-district No. 4, in Victory. It appeared that Zephaniah C. Chappel was the collector for said district for the current year of 1876, and the defendant was the constable of the town for that year. Agreeably to the provisions of chapter 84, Gen. Sts., Chappel, as such collector, put into the defendant's hands, as such constable, non-resident taxes assessed by the district amounting to $45; the defendant giving Chappel a receipt therefor. The defendant had paid over to the use of the district $25 towards these taxes, in May, 1877, though he had not then collected that amount. Jabez James was elected collector of the district for the current year 1877, but declined to accept the office, and so the office became vacant. The plaintiff sets forth these facts in his declaration, and then alleges that he was thereupon appointed collector of the district to fill such vacancy, by the selectmen of the town; that the clerk of the district delivered to him the tax-bill on which were the non-resident taxes deposited with the defendant for collection by Chappel; that the defendant had in his hands $20 of the money collected on such non-resident taxes; that the defendant had due notice of all the foregoing; and that thereby an action had accrued to have and recover said $20 of the defendant. It is thus apparent that the plaintiff's right to recover was dependent upon the fact that he was the legally qualified collector of the district, and in that capacity alone could he maintain the suit. By his plea the defendant put in issue all the facts alleged in the declaration which it was necessary for the plaintiff to establish, to maintain the action. Hence, it was necessary for the plaintiff to establish by affirmative proof that at the time he brought the suit he was the legally qualified collector of the district. Sueing upon his legal rights as such collector, and being entitled to recover only by virtue of holding that office, it was incumbent upon him to show that he was such collector *de*

*jure.* The acts of an officer *de facto* are valid and binding be-
tween third parties, because ordinarily they have not the means of
knowing, and therefore are not presumed to know, whether he has
complied with all the requirements of the law necessary legally
to qualify him as an officer *de jure.* But whenever an officer sues
or is sued, and justifies his acts as done in his official capacity, he
must show a compliance with all requirements of the law neces-
sary to constitute him a legally qualified officer, or an officer *de
jure.* *McGregor* v. *Balch*, 14 Vt. 428 ; *Courser* v. *Powers*, 34
Vt. 517. Hence, the question arises whether it was one of the
requirements of the statute that such a collector should be sworn
before entering upon the discharge of the duties of his office.
By section 29, part second, of the Constitution, "every officer,
whether judicial, executive, or military, in authority under this
State, before he enters upon the execution of his office", is re-
quired to take and subscribe the oath of allegiance to the State,
and also to take the oath of office. This indicates the general
policy of the State, whether the collector of a school-district falls
strictly within the provisions of the section or not. Section 54,
c. 84, Gen. Sts., provides that a collector who is elected by the dis-
trict to fill a vacancy in that office, shall be sworn before the clerk
of the district shall deliver to him the uncollected tax-bills of his
predecessor. The act of 1868,. No. 36, which allows the select-
men to appoint to fill such vacancy, and under which the plaintiff
was appointed, declares that the collector and other district officers
" so appointed shall have all the powers, and be subject to all the
duties, requirements, and liabilities as they would be if chosen by
such school-district." If chosen by the district, the collector was
required to be sworn before he was entitled to receive from the
clerk the uncollected tax-bills of his predecessor in office. Hence,
the plaintiff, being subject to the same requirements he would have
been if elected, was required to be sworn before he was entitled to
receive the uncollected tax-bill that had been held formerly by Chap-
pel, and on which were the taxes sought to be recovered from the de-
fendant. It was therefore incumbent upon him under his declara-
tion, in order to establish his right to hold the tax-bill and receive
the non-resident taxes collected by the defendant, to show that he

had taken the official oath. The defendant could take the point that no proof had been introduced to establish this fact, when the plaintiff rested his case, or when the case in due course came into his hands for argument. It was the plaintiff's duty affirmatively to establish this fact. His right to recover depended upon it. The defendant was under no duty to notify him earlier that he had failed to introduce any evidence to establish so material a fact. Hence, this ruling of the County Court is erroneous, and the exception must be sustained.

II. In March, 1878, and before this suit was commenced, the defendant paid the $20 he had collected to Chappel, who had then ceased to be a resident of the town. It was necessary for the plaintiff to show that the defendant knew that Chappel had surrendered his tax-bill, and been settled with by the district before making such payment. To show this, C. A. J. Shores was called to the witness-stand by the plaintiff, who testified to telling the defendant that Chappel had surrendered his tax-bill and taken up his receipt. The witness was then asked if what he told him was true. This was objected and excepted to by the defendant, on the ground that it was inadmissible to show anything about a settlement with Chappel by the witness's declaration. It appears that Shores was the clerk of the district, and hence was the proper person to receive back the tax-bill from Chappel, and to deliver it to the plaintiff, when duly qualified as collector. There is no requirement of the law making a record of such transaction necessary. Hence, the fact, if admissible to be shown, could be proven by any one who had personal knowledge of the transaction.

We do not think that this evidence was admissible on the ground claimed by the plaintiff's counsel in argument, that because the fact was so, it therefore was more probable that Shores communicated it to the defendant. The knowledge of a fact in a witness has very little tendency to show that the witness communicated the fact on a given occasion. If the witness had been denying that he communicated a fact on a given occasion, as bearing upon the probability of the truth of his testimony when attacked or contradicted, it would be admissible to show that he

had no knowledge of the fact, or that the claimed fact did not exist, because a man does not ordinarily and as a rule tell what he does not know ; but the knowledge of the existence of a fact in a witness has no necessary connection with whether he communicated it or not. Such testimony is too remote and speculative for the practical purposes of a jury trial. In the case at bar, that Chappel had surrendered his tax-bill and taken up his receipt before the commencement of the suit, was admissible to be shown, as bearing upon the plaintiff's right to maintain the suit at all. He would have no right to maintain the suit until he showed the tax-bill out of the hands of Chappel, and into his own hands. Hence, a legitimate answer to the question was admissible. But the witness voluntarily went further and testified to what Houston told him as treasurer of the district. It is not claimed that his testimony, so far as he detailed what he had been told, was admissible. It was clearly hearsay. Neither the ruling of the court nor the question called for or permitted this testimony. In the conduct of jury trials it is almost impossible to exclude all such volunteer testimony. When gotten into the case inadvertently, it is the duty of the court to admonish the jury that it is inadmissible and not to be considered by them. It is to be presumed the court did so on this occasion. But, whether the court did so or not, it did not come in legitimately under the ruling of the court, and as it was volunteered by the witness in answer to a proper question, we should be reluctant to reverse the case, if it appeared affirmatively that the court did not admonish the jury that that part of the answer was inadmissible, and to be disregarded by them, unless the excepting party requested such instruction. Whether Chappel had gotten up his receipt for the tax-bill, was incidental to the right of the plaintiff to maintain the suit. The essential thing to be shown on this point was, that Chappel had surrendered the tax-bill, and that the plaintiff, as a legally qualified collector of the district, held it when he commenced the suit.

III. The defendant also excepted to the refusal of the court to allow him to go to the jury upon the question of whether the plaintiff demanded the $20 before he commenced the suit. The

defendant having collected this money for the district, it was his duty to pay it over. Chappel, if he had continued collector, would have been under no duty to make a demand for the payment of the same before commencing suit therefor; certainly if a reasonable time had been allowed the defendant in which to pay the same before suit. It is quite reasonable that the defendant should not be subject to a suit for the money the moment he received it. He should be allowed a reasonable time in which to pay the same over, but when a reasonable time for the discharge of that duty had elapsed, suit might have been maintained by Chappel without demand. This is the ordinary rule applicable to the right to commence suit for money which an officer or other person holds for another under a present duty to pay it over to him. Hence, if the plaintiff had the same right to receive the money by virtue of his appointment to the collectorship of the district which Chappel had, and the defendant had notice or knowledge that the plaintiff had succeeded to the rights of Chappel in this respect, he would be under the same duty to pay the money over to him that he would have been under to make such payment to Chappel, if he had continued collector. There was, therefore, no error in the ruling of the County Court on this point.

The defendant in argument claimed that under the statute the defendant was bound to pay this money over to Chappel, notwithstanding he had ceased to be collector, and had passed his tax-bill back to the district. We do not find this question raised by the exceptions, and therefore have not considered it.

*Judgment reversed, and cause remanded.*