### STATE *v.* ROBERT MEADER.*

Dissenting opinion by

ROYCE, Ch. J.   I am unable in this case to concur in the opinion of the majority of my learned brethren ; and as it seems to me that the conclusions reached by them are neither justified by the facts which appear in the case as reported, or supported in any degree by the authorities quoted, as legal propositions, and as the rule laid down seems to me one which must in practical application prove very seriously embarassing, I, though with great reluctance, deem it my duty to place my dissent and its reasons upon the record.

The respondent was indicted for perjury, alleged to have been committed by him at a justice trial involving the ownership of a sled.   At the trial in County Court the prosecution produced as a witness, one Burdick, who testified, as appears from the exceptions and in the reporter's statement of the case, in substance that he prepared certain blue paint for one Edwin Taylor ; that George Taylor, a son of Edwin, came to him and got the paint and carried it away ; that the color of the sled which the respondent was charged with newly painting to aid him in a fraudulent claim to it as one he had formerly owned and lost, was light blue, and that he thought *it was not the same shade as the paint he mixed.*  This evidence the prosecution offered, coupled with a statement that it expected to show, by George Taylor, that the respondent used this paint mixed by Burdick to paint the sled, but this it entirely failed to do.   There was no evidence whatever in the case tend-

---

* See same case, *ante,* 126.

ing to show that the respondent or any one for him had anything to do with the paint, or that it was used on the sled ; but there *was* evidence tending to show that Taylor got it and used it for his own purposes. When the case was concluded and given to the jury, then this testimony stood tending simply and only to show that the witness mixed, sold and delivered to a third person some paint, which that third person used for his own purposes; that it was not used on the sled by the respondent or anybody else, and that it was not even the same color as the paint that *was* used on the sled. That it was wholly bare of application to the issues on trial, and as entirely immaterial and irrelevant as a piece of evidence could well be, is apparent; but that it could by any possibility tend to prejudice the respondent's case is beyond my comprehension, even had it been submitted to the jury. But the learned judge who presided at the trial in the County Court instructed the jury that, the evidence not being connected in accordance with the offer of the prosecution, went for nothing and should be disregarded by them.

In the opinion in this case, 54 Vt. 130–1, the rule is stated to be " that illegal evidence, if objected to, though admitted under an offer to so connect it with other proofs as to make it competent, will vitiate a verdict for the party offering it, if the proposed connection is not established, *unless the court is able to say affirmatively, that such evidence worked no injury to the adverse party.*" Even under this rule I can see no reason for setting aside the verdict in this case, because the evidence, being wholly immaterial and irrelevant, could have worked no injury to the respondent, but on the other hand, such negative force as it could have possessed at all would weigh in his favor.

But I do not understand the rule as above stated to be supported by the authorities in this State, which, in my judgment, uniformly hold that when testimony is offered in good faith, which taken alone is immaterial or inadmissible, but which counsel offer to so connect with other evidence as to make it admissible and then fail to do so, if the court instruct the jury to disregard it, the verdict will not ordinarily be disturbed. I shall content my-

self with a brief reference to the authorities cited in the main opinion in support of the rule laid down.

In *C. & P. R. R. Co.* v. *Baxter*, 32 Vt. 805, the evidence received was of the doings of a public meeting, and it was not claimed that the defendant was present at the meeting or had any knowledge of what transpired there. It was clearly inadmissible, and was not coupled with any offer to so connect it with other evidence as to make it admissible. Such being the case, this court very properly held that, having admitted it, the court below could not charge it out ; but in the opinion Judge PIERPOINT says :

" That the County Court must have a large discretion in regard to the manner in which trials shall be conducted before juries, must be conceded. For the County Court to exclude from the jury all evidence that is inadmissible, is exceedingly difficult if impossible. Evidence is every day offered in the County Court which, at the time it is offered and standing alone, could have no effect ; it is only when taken in connection with other evidence that it has any weight. When such testimony is offered, accompanied with the statement of the counsel offering it, that he in good faith intends to connect it with other testimony, which, when introduced, will make the offered testimony admissible, the court must receive it, for in many cases, if such other testimony is offered first, it will be liable to the same objection, neither being admissible alone, but together both are so. If, however, it turns out that after one part is put into the case, the attorney finds that he is unable to prove the other, there is no other way in which the court can correct the error, except to instruct the jury to disregard it. So when evidence gets into a case through inadvertence, or where, as sometimes happens, when all the evidence is in on both sides, the case assumes a form that is unexpected by both parties, and that renders more or less of the evidence immaterial, the court must regulate the matter by their charge. In jury trials all will concede that the introduction of inadmissible evidence is an evil and calculated to do mischief, still, as we have seen, it is one that under the best administration of justice cannot always be avoided, yet, as it is an evil, it is clearly the duty of the court conducting the trial to avoid it by excluding such evidence whenever it can be seen that it ought to be done. The evil must be tolerated so far as it cannot reasonably be avoided, beyond that it should not be. . . . We think that in all cases where testimony is offered that in the then present aspect of the case is inadmissible, unaccompanied with any assertion on the

part of the attorney offering it, that he intends and expects to introduce other evidence, which when in will make such testimony admissible, the testimony, if objected to, should be rejected, and to admit it is an error that is not cured by the court's directing the jury in their charge to lay it out of the case."

*Boyd* v. *Readsboro*, Windham County, February Term, 1879, not reported, was an action against a town for injuries on the highway. The plaintiff, against the objection of the defendant, was permitted to introduce evidence of certain statements or admissions of the selectmen of the defendant town. This was offered as independent evidence, not coupled with any offer to so connect it as to make it admissible. The learned judge who presided at the trial below upon reflection perceived that he had erred in admitting the testimony, and instructed the jury not to regard or weigh it ; but this court held that the error could not be thus cured.

In *State* v. *Hammond*, Windsor County, February Term, 1879, not reported, the objectionable evidence was received, coupled with an offer from the State's attorney to so connect it with the respondent as to make it admissible. This he failed to do, and the court did *not* instruct the jury to disregard it. That was held error by this court, and in delivering the opinion, PIERPOINT, Ch. J., said :

" The evidence having been received and the government having failed to connect Hammond with it so as to make it admissible, it was the duty of the court to instruct the jury that they must disregard it, and as the evidence bore upon a vital point, the instruction should have been decided. But the court in the charge did not refer to this evidence at all, but left it for the jury to consider with the other evidence bearing upon the question. The other evidence *may* have been sufficient to satisfy the jury ; of this we cannot be certain ; but it is easy to see that the jury might give great weight to this evidence if they considered they were at liberty to weigh it at all. In this respect we think the County Court erred."

*Sterling* v. *Sterling*, 41 Vt. 80, was a bastardy case. Evidence was received tending to show acts of intercourse and improper familiarities of the prosecutrix with persons who the evidence did not tend to show had intercourse with her within the time in

which the child must have been begotten. It was coupled with no offer to connect it in any way so as to make it admissible, and this court held that the error committed in admitting it was not cured by the instruction of the court in his charge to the jury that it was not to be considered.

*Wood* v. *Willard*, 36 Vt. 82, was an action of trespass, *quare clausum*, and the plaintiff was permitted to prove his own declarations and those of his grantor as to the location of the line in his own favor. No offer or attempt was made to connect the testimony so as to make it admissible, and there was nothing to show that it was not submitted to the jury by the court.

So far as *Hodge* v. *Bennington*, 43 Vt. 450, has any application, it is simply to the effect that the admission of evidence that is only *immaterial*, as in this case, is no ground for reversing the judgment.

It seems to me clear that not a single one of the authorities cited in the principal case, supports the rule there laid down, but that all of them, as also *Northfield* v. *Plymouth*, 20 Vt. 582; *Harris* v. *Holmes*, 30 Vt. 352 ; *Kimball* v. *Locke*, 31 Vt. 683 ; *State* v. *McDonnell*, 32 Vt. 491; *Jenne* v. *Joslyn*, 41 Vt. 478; *Earl* v. *Tupper*, 45 Vt. 275 ; *State* v. *Babcock*, 51 Vt. 570 ; *Houston* v. *Russell*, 52 Vt. 110 and *Randall* v. *Preston*, Ib. 198, are directly or practically in conflict with it. The practical difficulties in the way of living up to such a rule in the trial of causes are well illustrated by the language of our late lamented Chief Justice in the 32d Vt., above quoted.

The rule established by the authorities in this State as I understand them, is recognized in all our sister States so far as I have been able to ascertain, and is supported by a great many authorities, among which may be mentioned *Abney* v. *Kingsland*, 10 Ala. 355 ; *Spears* v. *Cross*, 7 Port. Ala. 437 ; *Moseley* v. *Gordon*, 16 Ga. 384 ; *Bedell* v. *Janney*, 9 Ill. 193 ; *Granger* v. *Warrington*, 8 Ib. 299 ; *Rogers* v. *Brent*, 10 Ib. 573 ; *Barnum* v. *Barnum*, 9 Conn. 242 ; *Shannon* v. *Kinney*, 1 A. K. Marsh, (Ky.) 3 ; *Luke* v. *Mumford*, 12 Miss. 312 ; *State* v. *McAllister*, 23 Me. 139 ; *State* v. *Cherry*, 63 N. C. 493 ; *Allan* v. *Mcmasters*, 3 Watts, 181 ; *Bangor* v. *Brunswick*, 30 Me. 398 ; *Cotton* v. *Campbell*, 3 Tex.

493 ; *Fitzgerald* v. *State,* 14 Mo. 413 ; *Murphy* v. *Baker,* 28 How. Pr. 251 ; *Dillon* v. *Peoples,* Mich. 357 ; *Judge* v. *Stone,* 44 N. H. 593 ; *Platner* v. *Platner,* 78 N. Y. 90 ; *Palmer* v. *Mc-Cafferty,* 15 Cal. 334 ; *Carn* v. *Fillman,* 58 Penn ; *Zook* v. *Simonson,* 72 Ind. 83 ; *Bayliss* v. *Cockcroft,* 81 N. Y. 363 ; *Hinkle* v. *McClure,* 32 O. State, 202 ; *Cook* v. *Robinson,* 42 Iowa, 474 ; *Marks* v. *King,* 64 N. Y. 628 ; *Shepard* v. *Allen,* 16 Kan. 182 ; *Baker* v. *Swan,* 32 Md. 355 ; *State* v. *Rhoades,* 6 Nev. 352.

In New York and some other of the States it is held that the party objecting to the evidence must affirmatively move the court to strike it out, or the appellate court will consider that his objection was waived, the " striking out of evidence " under their practice being tantamount to " charging it out " in ours, thus going farther than our courts have ever done, it being considered here the duty of the court to direct the jury, without special request, to throw out of the case evidence which may have gotten into it improperly. See *McCarney* v. *People,* 83 N. Y. 408, and the other New York cases referred to.

The doctrine which seems to be deducible from the main opinion in this case, that inadmissible evidence once given, no matter under what circumstances, before the jury, cannot be withdrawn by the court in its charge so as to save the verdict, is necessarily inconsistent with the necessary and universally recognized rules that the court may withdraw from the consideration of the jury improper evidence given before them by mistake, inadvertence or accident, through ignorance or misapprehension—as where a witness cannot be seasonably interrupted in his narrative and the like—even though it may not be objected to, and that the *order* of evidence is in the discretion of the trial court, for which there is an immense mass of authority.