## PALMER *v.* McCAFFERTY.

In ejectment, plaintiff offered to introduce in evidence an executory contract by which S. & Co. agreed to sell to Wooster the land sued for, and when the purchase money was paid, to make a deed, W. to take possession at once, and to retain it so long as he complied with the contract. Plaintiff stated it to be his intention to show, in connection with the contract, that the defendant claimed under Wooster. The answer averred that Wooster mortgaged the premises to defendant, who foreclosed, and went into possession under the Sheriff's deed. *Held,* that the contract, with the other proof, was, *prima facie,* relevant to the issue, plaintiff's object being to show that Wooster had forfeited his rights under the contract, and that he, plaintiff, had succeeded to the right and title of S. & Co.

A party may introduce his proof in his own order, and is not required to exhibit the whole of it before he can introduce any particular item. It suffices if the item of proof offered tend to establish any one point involved in the issue.

Appeal from the Tenth District.

Ejectment. Complaint in the usual form. The answer denied the allegations of the complaint, and averred, among other things, that defendant held under a deed made by the Sheriff on foreclosure of a mortgage executed by one Wooster to defendant, while he, Wooster, was in possession of the premises.

Wooster entered into possession under an executory contract, not under seal, for the sale of the land, made between himself and Scaggs & Co. By the terms of this contract, S. & Co. agreed to sell the land to W. for the sum of $9,000, payable $2,000 cash, and the balance in installments of $1,000, falling due about every two months. Wooster was to take possession shortly after the date of the contract, and to retain possession so long as he complied with its terms. The contract was signed " Elijah Scaggs & Co." " Dexter Wooster."

On the trial, plaintiff offered in evidence the deposition of McFarland, a subscribing witness to the contract, together with the contract annexed, stating that he intended to prove, in connection with it, that defendant claimed under the contract.

Defendant objected, on the ground that the contract was irrelevant, and not under seal; that Elijah Scaggs had no authority to execute it in the name of Scaggs & Co.; that it had not been acknowledged and recorded; that it did not appear that Scaggs & Co. ever had a legal title to said property, or were ever in possession thereof, or claimed

Palmer *v.* McCafferty.

title thereto, or that defendant ever had any notice of said contract, actual or constructive. The Court sustained the objection, plaintiff excepting.

Plaintiff offered no further evidence, was nonsuited, and appeals.

*Mc Connell & Niles*, for Appellant.

*H. K. Mitchell and Z. Montgomery*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

This was an action for the recovery of a tract of land. The error assigned by the appellant is the exclusion of a certain executory contract for the sale of the land sued for. This agreement was referred to in the testimony of one McFarland, the subscribing witness. The counsel offering the deposition and the agreement, explained that it was the intention of the plaintiff to show, in connection with it, that the defendant claimed the premises under one Wooster, who was a party to the instrument.

It seems that Wooster executed a mortgage of these premises to defendant, and that the latter foreclosed the mortgage, and went into possession under the decree of foreclosure. The object of the plaintiff was to show that he had succeeded to the estate of Scaggs & Co., who made this executory agreement, and that Wooster and his assigns, having failed to comply with the contract on their part, forfeited all their rights under the same; and that, by force of this, Scaggs & Co. became remitted to their original title, of which plaintiff was the assignee. What phase the case would have assumed after this proof, had it been admitted, we cannot anticipate; or whether the plaintiff would have been enabled to show all the facts necessary to a recovery. *Prima facie*, the plaintiff's proof, thus offered, was relevant to the issue, and that was enough to entitle him to introduce it. The plaintiff was entitled to introduce his proofs in his own order. He was not bound to make his whole case complete by any one item of proof. A case consists, frequently, of various facts, neither one of which makes it out; and to hold that a party is not entitled to introduce any part until he establishes the whole, is to require an impossibility. All that the Court can ask is, that the particular evidence offered conduces to establish any one proposition involved in the issue. It is time enough to pass

upon the sufficiency of the proofs after they are all in the cause. There must be a starting place somewhere, and the Court should never reject evidence merely because, unaided by other testimony, it is insufficient, if it tend legally to prove any part of the case.

We do not feel called upon to pass upon the merits, for the reason that we have not the facts before us. It is not easy to see, however, if defendant entered under Wooster, how he could stand in any better position than Wooster, who entered under Scaggs & Co. But it is not necessary to anticipate the case as it may be made upon a full development of the facts. It is enough for the disposition of this appeal, that the proof was relevant as tending to prove the plaintiff's case, and was, therefore, improperly rejected.

Judgment reversed, and cause remanded.