McCANDLESS ET AL. *v.* UNITED STATES.

No. 552.   Argued March 30, 1936.—Decided May 18, 1936.

*Messrs. Urban Earl Wild* and *Julius Russell Cades* for petitioners.

*Assistant Attorney General Blair*, with whom *Solicitor General Reed* and *Mr. Aubrey Lawrence* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a suit brought in the United States District Court for the Territory of Hawaii by the government against petitioners to condemn 4,080 acres of land on the Island of Oahu for a federal public purpose. The territorial law provides that in such a suit the value of the land and the value of the improvements thereon must be separately assessed. A common-law jury was empaneled, heard the case, and returned a verdict for petitioners fixing the value of the land at $206,503.51, and the value of the improvements thereon at $14,000. Judgment was entered in accordance with the verdict. On appeal to the court below, the judgment was affirmed. 74 F. (2d) 596.

The questions for our consideration are whether the ruling of the trial court refusing to admit certain evidence and offers of evidence was erroneous, and if so, whether the rejection of such evidence may be disregarded as not substantially prejudicial under § 269 of the Judicial Code as amended.

*First.* The lands sought to be condemned were in use, and had been used for many years, as a cattle ranch, although pineapples had been grown upon some small areas. The owners had in view the ultimate use of the. lands for the growing of sugar cane, which would require the bringing of water from a distance for irrigation purposes. Testimony was introduced to the effect that upwards of 3,000 acres of the tract were suitable for growing cane, and would produce an average of 70 to 75 tons

of sugar cane to the acre, from which could be extracted eight or nine tons of sugar to the acre; and that the contour of the land was favorable to irrigation, and its general condition such as to make it adaptable to the purposes of a sugar plantation. Petitioners offered to prove that they had been for many years negotiating for the development of a sugar plantation on the land; that there were three sources of water supply, from one or the other of which petitioners had every reason to expect water would have been developed for the lands in question had it not been for the present suit; that any prospective purchaser of the lands would, at the time this suit was brought, take into consideration the reasonableness of the possibility of securing a supply of water for the purpose of raising sugar cane; that sugar-cane lands in the territory generally require the bringing of water from other lands for irrigation, and that the availability of water for such purpose is a factor in determining the value of prospective sugar cane lands; that such water in many instances is transported much greater distances than would be required in the pending case; that there are available artesian basins from which for many years fresh artesian water has been and is available, unused and flowing to waste, amounting to approximately 60,000,000 gallons per day; that petitioners own lands within these basins upon which wells may be sunk at distances of from eight to ten-and-one-half miles from the tract in question, and the water last described recovered; that it was practically and economically feasible to transport such water from the lands within these basins to the tract in question; that the cost of recovering and transporting such water would render the use of it economically feasible and profitable; and that such recovery and use of the water could be anticipated with reasonable certainty.

Petitioners offered further to prove that the surplus water could be captured and transported practicably and

economically and used profitably for the cultivation of sugar cane; and that the cost of recovering the water and transporting it would be less per million gallons than that incurred for recovery and transportation of water to other cane lands on the Island of Oahu and other islands in the territory.

These offers, and evidence of a similar character sought to be elicited from witnesses, were rejected by the trial court upon the ground that the possibility of bringing water from outside sources was too remote and speculative.

At the conclusion of the evidence, the court gave the following instruction to the jury:

"In estimating the compensation to be paid to the owners of the land which the government here seeks to condemn, I instruct you that you must entirely disregard any possibility of bringing water to the land in question from any other land, excepting the land which the government here seeks to condemn and the 284 acre tract, Lot B 1 A."

The 284-acre tract referred to is owned by petitioners, and adjoins the land sought to be condemned.

The rule is well settled that, in condemnation cases, the most profitable use to which the land can probably be put in the reasonably near future may be shown and considered as bearing upon the market value; and the fact that such use can be made only in connection with other lands does not necessarily exclude it from consideration if the possibility of such connection is reasonably sufficient to affect market value. *Olson* v. *United States,* 292 U. S. 246, 255, 256.

That the greater part of the land here sought to be condemned was adapted to the successful growth of sugar cane if provided with sufficient water for irrigation is not controverted. Proof that a supply of water was available and might be brought to the land at an expense con-

sistent with its profitable use was, therefore, relevant and material. And this the evidence offered tended to establish. The ruling of the trial court rejecting the offers, and its instruction to the jury to disregard the possibility of bringing water from lands other than the land sought to be condemned and the 284-acre tract adjoining, were erroneous. This is well pointed out by the court below, and we see no occasion to enlarge upon its opinion.

The government now contends that the offer was insufficient because it does not exhibit an intention to show how much the value of the land would be increased, or the probable cost of the irrigation improvement. The evidence offered was material and relevant to the issue so far as it went. No objection was made on the part of the government such as is now urged. The objection specifically was that the possibility of bringing water from outside sources was too remote and speculative; and it is that objection which the trial court sustained. The ruling went not to the sufficiency of the offer, but to the materiality of the evidence. If it had been suggested or held that the offer was incomplete, it is not unfair, when we consider the nature of the specific matters named, to assume that the evidence in respect of them could have been supplied. In that view, what was said by the Supreme Court of California in *Palmer* v. *McCafferty,* 15 Cal. 334, 336, is pertinent:

"All that the Court can ask is, that the particular evidence offered conduces to establish any one proposition involved in the issue. . . . There must be a starting place somewhere, and the Court should never reject evidence merely because, unaided by other testimony, it is insufficient, if it tend legally to prove any part of the case."

An offer of proof cannot be denied as remote or speculative because it does not cover every fact necessary to prove the issue. If it be an appropriate link in the chain of proof, that is enough.

*Second.* The court below, while ruling that the rejection of the evidence was erroneous, held that it was not prejudicial error within the terms of § 269 of the Judicial Code, as amended (28 U. S. C. § 391), reproduced in the margin.[1] The court thought the offers of proof were not sufficiently specific to enable it to say that the rejection, although erroneous, was prejudicial. Apparently what was meant by the offers not being sufficiently specific, as indicated by a statement earlier in the opinion, is that they did not show what would be the value of the land when reclaimed, nor the cost of developing and delivering a sufficient water supply. But that seems to be the exact basis of the government's contention that the offer was not complete, which, affirming the court below, we have just held is without merit. We think equally it constitutes no ground for sustaining the ruling of the trial court as non-prejudicial. The action of the trial court in rejecting the offers plainly meant that it would be useless to offer further evidence supplementing and dependent upon that which had been rejected. Faced with that ruling and implication, counsel was not required to offer further evidence along that line. Cf. *Rogers* v. *Brent,* 10 Ill. 573, 588, 589.

In this situation, § 269 is not controlling. That section simply requires that judgment on review shall be given after an examination of the entire record "without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." This, as the language plainly shows, does not change the well-settled rule that an erroneous ruling which relates to the substantial rights of a party is ground for reversal unless

---

[1] "On the hearing of any appeal, certiorari, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

it *affirmatively* appears from the whole record that it was not prejudicial. *United States* v. *River Rouge Co.,* 269 U. S. 411, 421; *Fillippon* v. *Albion Vein Slate Co.,* 250 U. S. 76, 82; *Williams* v. *Great Southern Lumber Co.,* 277 U. S. 19, 26.

This the record does not disclose. In an eminent-domain proceeding, the vital issue—and generally the only issue—is that of just compensation. The proof here offered necessarily related to the value of the land when used for a purpose to which it probably could be put within the rule laid down by the *Olson* case, *supra.* To exclude from the consideration of the jury evidence of this elementary character could not be otherwise than prejudicial.

We find no reason to differ with the holding of the court below as to the inadmissibility of evidence respecting the rent paid for other lands. It is unnecessary to consider whether the error was prejudicial, because the question cannot arise upon another trial.

The judgment of the court below must be reversed, and the cause remanded to the trial court for further proceedings in conformity with this opinion.

*Reversed.*