*Decision will be entered under Rule 50.*

GIRARD TRUST COMPANY, TRUSTEE UNDER AGREEMENT FOR MORRIS L. CLOTHIER ET AL., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 75740, 76841. Promulgated October 7, 1936.

*George B. Clothier, Esq.*, for the petitioner.
*R. N. McMillan, Esq.*, and *E. M. Woolf, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner's determination that petitioner is an association taxable as a corporation is defended entirely by reliance upon *Swanson* v. *Commissioner*, 296 U. S. 362; *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Helvering* v. *Combs*, 296 U. S. 365; and *Morrissey* v. *Commissioner*, 296 U. S. 344; "and the fact that from the testimony this trust was created for the purpose of engaging in a business for profit and was engaged in subdividing real estate, the purpose of which was to acquire larger profits." But the evidence does not support such a finding and requires the opposite finding which has been made. The stipulation and the testimony all show that the trust was created only because it was the most convenient and practical method of disposing of the property. If the estate could have been liquidated promptly this would have been done; but it was too large for the market. Subdivision was the only effective way of disposition, and to have the deed to each lot executed by all the interested individuals would have been too cumbersome. The fact that in the process of liquidation they sought the best price—if possible a profit—and were financially able to resist immediate sale at less than fair value does not stamp the liquidation as a business enterprise. The question whether the evidence shows liquidation or shows a business enter-

1070

prise is always one of degree. *Morrissey* v. *Commissioner, supra; Helvering* v. *Combs, supra; Helvering* v. *Coleman-Gilbert Associates, supra; Swanson* v. *Commissioner, supra; Blair* v. *Wilson Syndicate Trust*, 39 Fed. (2d) 43; *Dauphin Deposit Trust Co., Trustee*, 21 B. T. A. 1214; *Lloyd M. Willis et al., Trustees*, 22 B. T. A. 564; 58 Fed. (2d) 121; *Morriss Realty Co. Trust No. 1*, 23 B. T. A. 1076; *Commissioner* v. *Morriss Realty Co. Trust No. 2*, 68 Fed. (2d) 648; *Commissioner* v. *Atherton*, 50 Fed. (2d) 740; *Busch* v. *Commissioner*, 50 Fed. (2d) 800; *Zonne* v. *Minneapolis Syndicate*, 220 U. S. 187; *Central Republic Bank & Trust Co., Trustee*, 34 B. T. A. 391 (on appeal, C. C. A., 7th Cir.); *The Highlands, Trust No. 1546*, 32 B. T. A. 760 (on appeal, C. C. A., 7th Cir.); *National Bank of Commerce et al., Trustees*, 34 B. T. A. 119. Here the businesslike method was an incident of the paramount process of liquidation. The determination is reversed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*