**UNITED STATES v. DEVORE et al.**
**No. 12424.**

Circuit Court of Appeals, Eighth Circuit.
Feb. 25, 1943.

Dwight D. Doty, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Sam Rorex, U. S. Atty., and James E. Lightle, Jr., Asst. U. S. Atty., both of Little Rock, Ark., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

W. H. Botts and G. W. Botts, both of De Witt, Ark., for appellees.

Before GARDNER, RIDDICK, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is an appeal from a judgment of condemnation in a proceeding instituted July 11, 1941, to condemn, in connection with the Maumelle Picric Acid Plant, a section (640 acres) of unimproved timber land in Pulaski County, Arkansas, the property of one James I. Devore, now deceased. The appellee, Sarah E. Devore, is his widow, and the other defendants named in the petition are those who may have, or claim to have, some right, title or interest in and to the above named lands. There is but a single specification of error, to-wit: "The trial court erred in permitting witnesses for the defendants to testify, over objection, to the separate value of timber upon the land condemned".

W. J. Devore, a son and one of the heirs of James I. Devore, deceased, was the first witness examined. He testified that his occupation had been farming and saw-milling, and was asked to describe the land in controversy. He said: "Well, sir,

there is timber on it, red oak, post oak, and a little pine, and it is good farming land, and there is 150 acres suitable for rice cultivation". He was then asked the market value of this land, and placed it at $21,200. His counsel then asked permission for the witness to state the items upon which this valuation is based. Counsel for the government objected on the ground that that would be going into a question that would only be permissible on rebuttal. "We object to it going in at this time. That is not the question and not at this situation of this case". The objection was at first sustained, and a little later the court said: "I am going to let you, if you desire, you may break it down and show the character and type of timber there is in there, and the amount and what it will produce. It will save time in the trial." The government's objection was renewed and overruled. The witness placed the merchantable timber as worth $8,400, and the cord-wood as worth $6,400, and considered that the timber, therefore, would enhance the value of the land $14,800. They were asking $10 per acre for the land alone. He testified that the land and timber, altogether, was worth $33.12½ per acre, amounting to $21,200. Other witnesses for appellees placed the market value of the land, with the timber, variously from $30 to $35 per acre, and were of opinion that the timber enhanced the value of the land from $20 to $25 per acre.

The witness Henderson, employed as a land appraiser by the United States Engineers, testified for the government and placed the market value of this particular tract of land at $6,520. He estimated the value of the timber at $2,200.

Plants, another government witness, placed the value of the entire property at $5,400, and Griffin, also a government witness, valued the land and timber at $5,865, and the timber alone at $2,500. In its condemnation petition the government placed the estimated compensation at $5,800. In their testimony concerning the entire value of the property taken, witnesses for the government, as has been seen, adhered somewhat closely to this estimated compensation. The value fixed by witnesses for appellees was substantially greater.

"The Fifth Amendment of the Constitution provides that private property shall not be taken for public use without just compensation. Such compensation means the full and perfect equivalent in money of the property taken. The owner is to be put in as good position pecuniarily as he would have occupied if his property had not been taken. It is conceivable that an owner's indemnity should be measured in various ways depending upon the circumstances of each case and that no general formula should be used for the purpose." United States v. Miller et al., 63 S.Ct. 276, 279, 87 L.Ed. ——.

The timber upon the land sought to be taken was of substantial value in money, of which the owners would be deprived unless the indemnity should be measured in a proper way depending upon the circumstances of the case. The character of the timber on the land and its reasonable market value was shown by witnesses for the owners, and very little contradiction of this testimony was offered by the government. Differences between all the witnesses as to the value of the naked land was negligible. Government counsel did, however, elicit from the witness Devore that experience had proved that it would cost about $16 per acre to prepare the land for growing rice, after the timber had been removed and sold; in other words, to restore it to its farm value. Therefore, in measuring the enhancement to the land, the full value of the timber taken could not be applied. Undoubtedly the jury may have taken this, with other things, into consideration.

It will be noted that government counsel did not make an absolute objection to proof of what purpose the timber on the land would be available to the owner and its value; but only that its introduction was improper at that stage of the case. He conceded that the question would be permissible on rebuttal. In support of their contention that the court erred in permitting witnesses for appellees to testify over objection to the separate value of timber upon the land condemned, counsel cite United States v. Meyer, 7 Cir., 113 F.2d 387, 397; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884, 888; United States v. Becktold Company, 8 Cir., 129 F.2d 473, 478. In United States v. Meyer it is held that the test is, of course, the value of the real estate as a whole, and that the value of timber growing upon the land was in that case immaterial. That court, however, did say that "all of the facts and circumstances bearing upon the condition and nature of the land as a whole and its possible use are proper as

elements bearing upon value" [113 F.2d 397].

This court, in United States v. Becktold Company, did say that the court in the Meyer case correctly held that separate valuation would there be improper; but in the case then before it said (loc.cit.129 F.2d 480): "In view of the wide scope of the testimony, and the instruction to the jury above quoted, we can not say that the admission of this testimony was prejudicial. * * * Whether prejudice results from the erroneous admission of evidence is a question not to be determined abstractly. The question is one of practical effect, viewed in the light of the trial as a whole, with all its attending circumstances".

In Morton Butler Timber Co. v. United States, it was pointed out that: "An error must be deemed harmless, if upon examination of the entire record substantial prejudice to the complainant does not appear". 91 F.2d 884, loc. cit. 890. See, also, Rich v. United States, 8 Cir., 271 F. 566, 569, 570; McCandless et al. v. United States, 298 U.S. 342, 345, 56 S.Ct. 764, 80 L.Ed. 1205; Williams v. Great Southern Lumber Co., 277 U.S. 19, 26, 48 S.Ct. 417, 72 L.Ed. 761; United States v. River Rouge Co., 269 U.S. 411, 421, 46 S.Ct. 144, 70 L.Ed. 339.

At most, the objection to the admission of testimony went only to the order of proof which is a matter always in the judicial discretion of the trial court. In McCandless v. United States, 298 U.S. 342, 345, 56 S.Ct. 764, 765, 80 L.Ed 1205, the Supreme Court said: "The rule is well settled that, in condemnation cases, the most profitable use to which the land can probably be put in the reasonably near future may be shown and considered as bearing upon the market value".

In any event, in our judgment, upon an examination of the entire record the admission of this testimony of the value of the timber of which appellant complains was harmless, in that substantial prejudice to the government does not appear. In fact, we think the jury displayed no evidence of confusion, but rather exercised careful and discriminating judgment in dealing with the somewhat exaggerated valuations presented on both sides. Its verdict of $11,200—$17.50 per acre—was little more than half of the owners' claim; allowed but $4,800 for the enhancement of the real estate by timber valued at approximately $14,000, by the greater weight of the testimony, and was conservatively within the limits of the evidence produced.

It follows therefore that the judgment should be affirmed, and it is so ordered.