**THOMPSON v. JOHNSTON, Warden.**

**No. 11358.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 28, 1947.

Writ of Certiorari Denied June 16, 1947.

See 67 S.Ct. 1738.

DENMAN, Circuit Judge, dissenting.

———◆———

Walter Thompson, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellant, an inmate of Alcatraz prison, petitioned for discharge on habeas corpus and his petition was dismissed on motion of the warden. The question is whether the writ should have been issued and an inquiry into the facts pursued.

The petition discloses that in June 1941 appellant was tried and convicted in the United States Court for the Eastern District of Tennessee on a charge of kidnapping in violation of 18 U.S.C.A. § 408a, and was sentenced to serve twenty-five years. According to the petition, the question presented is "whether the petitioner was deprived of the rights to have the effective assistance of his counsel for the purpose of direct appeal." The allegations are that petitioner was desirous of appealing to the United States Circuit Court for the Sixth Circuit but was prevented from doing so "in that he was deprived to have

access to his attorney for the purpose of perfecting such appeal, and that the United States Marshal immediately [within fifteen hours] conveyed Petitioner to the United States Penitentiary at Atlanta, Georgia, where Petitioner was deprived of his rights to contact his attorney, and that by such unlawfully acts of the United States Marshal and the Prison Authorities, Petitioner was denied Due Process of Law within the meaning of the Fifth Amendment to the United States Constitution, and that the Judgment and Sentence is ineffective and void, in violation of the Fifth and Sixth Amendments to the United States Constitution."

In the absence of an appeal or at least of some intimation to the court of the desire to take one, no impropriety is suggested by the circumstance that appellant was conveyed to the penitentiary within fifteen hours after the imposition of sentence. The impropriety resides in the asserted misconduct of the prison authorities in suppressing appellant's right to contact his counsel, thereby, it is to be assumed, making it impossible for him to take an appeal within the period of five days then prescribed by the rule. This is a very generous interpretation of the vague language of the petition, but for the purpose of decision we so construe it. Would the misconduct described, if established as a fact, entitle appellant to the discharge he seeks? That we deem to be the question here.

■ This court in Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, affirmed a denial of the writ on a petition containing similar allegations, it being held that the right to assistance of counsel in a criminal case, as guaranteed by the Sixth Amendment, has reference to the court of first instance only. Later decisions, notably Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L. Ed. 1453, and Boykin v. Huff, 73 App.D. C. 378, 121 F.2d 865, 872, may be thought to throw doubt on the question whether the statutory right of appeal is not a part

of due process as guaranteed by the Fifth Amendment. In the Cochran case the petition alleged that officials of the state penitentiary had suppressed appeal documents prepared by the petitioner, thereby making it impossible for him to perfect his appeal during the period allowed by state statute. On the state's concession that if the facts alleged were disclosed as being true there would be no question but that there was a violation of the equal protection clause of the Fourteenth Amendment, the Supreme Court remanded the case for further proceedings. And the opinion in Boykin v. Huff, supra, intimates that unless the wrong done a convicted party in frustrating his appeal can be righted by now affording it, as was done in that case, discharge on habeas corpus may perhaps be resorted to.

■ The petition here shows no lack of evidence of guilt, no error in the conduct of the trial, nor any other circumstance which might have warranted a reversal had an appeal been taken, that is to say, there is an entire absence of any showing of prejudice. In this posture of affairs the dismissal was proper. Cf. Miller v. Sanford, D.C., 59 F.Supp. 812, and same case on appeal, 5 Cir., 150 F.2d 637, certiorari denied 326 U.S. 787, 66 S.Ct. 472. We do not, mean to intimate that if there had been a showing of probable cause for an appeal habeas corpus would afford an appropriate corrective.[1] We express no opinion as to that.

Affirmed.

DENMAN, Circuit Judge (dissenting).

I dissent. The court's opinion decides an important question of constitutional law contrary to the decisions of the Supreme Court in Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, and McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205.

It further decides a question of constitutional law in conflict with the law as

---

[1] The circumstances in Cochran v. Kansas, supra, were different. There the court to which the matter was remanded for inquiry was the court possessing jurisdiction to review for error the judgment of conviction; and similar jurisdictional situations existed in Boykin v. Huff and Miller v. Sanford, supra.

stated by the Court of Appeals for the District of Columbia in Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865. It also overrules sub silentio the decision of this court in Wilfong v. Johnston, 156 F.2d 507.

This court's opinion holds that though a sentenced man, desiring to exercise his constitutional right to access to counsel and to file a notice of appeal, has been prevented from exercising such rights by the wrongful acts of the Attorney General's agents and thereby lost his appeal, his petition for a writ of habeas corpus must be denied if it do not show the errors in his trial he would have relied upon if he had taken the appeal.[2]

That is to say, though Thompson show his constitutional right to due process has been denied, in addition *he must show affirmatively that the denial has been prejudicial.* The law is exactly the contrary. 28 U.S.C.A. § 391 provides

" * * * On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

Construing this provision in a civil case (hence, a fortiori, applicable here,) the Supreme Court in McCandless v. United States, 298 U.S. 342, 347, 56 S.Ct. 764, 766, 80 L.Ed. 1205, states

" * * * That section simply requires that judgment on review shall be given after an examination of the entire record 'without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.' This, as the language plainly shows, does not change the well-settled rule that an erroneous ruling which relates to the substantial rights of a party is ground for reversal unless it *affirmatively* appears from the whole record that it was not prejudicial. United States v. River Rouge Co., 269 U.S. 411, 421; 46 S.Ct. 144, 70 L.Ed. 339; Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 82, 39 S.Ct. 435, 63 L.Ed. 853; Williams v. Great Southern Lumber Co., 277 U.S. 19, 26, 48 S.Ct. 417, 72 L.Ed. 761." (The italics are in the opinion.)

Citing to the above from the McCandless case, the Supreme Court, in Glasser v. United States, 315 U.S. 60, at page 76, 62 S.Ct. 457, 467, 86 L.Ed. 680, in reversing a conviction because of the denial of the assistance of counsel, states

" * * * The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial."

The case of Cochran v. Kansas, supra, reversing Cochran v. Amrine, 153 Kan. 177, 113 P.2d 1048, also holds to the contrary of this court's opinion. The petition for the writ there stated no more than that the state prison authorities had prevented the petitioner's appeal from his conviction. The Kansas supreme court held that the record of his prosecution showed he had no ground of appeal, stating at page 1049 of 113 P.2d:

" * * * There is nothing in the record of the proceedings in the court below to indicate any irregularity in the petitioner's trial and conviction, and certainly nothing to indicate that his commitment was void for any reason."

Nevertheless, because Cochran was denied access to counsel and his appeal thus frustrated, the case was returned to the Kansas supreme court for the determination of the issue whether he was refused the privilege of an appeal, the Supreme Court stating, at page 258 of 316 U.S., at page 1070 of 62 S.Ct.

[2] Though the prisoner seeks the writ propria persona, it is ordered dismissed without giving him the chance to amend. In this circuit this means that Thompson, though wrongfully in the penitentiary, must remain there for the balance of his twenty-five year sentence. With us, Thompson's second petition setting forth the grounds of his appeal, omitted from the first petition, must be denied under this court's decision in Swihart v. Johnston, 9 Cir., 150 F.2d 721, 723. That case holds that omission from a first petition of facts constituting a denial of constitutional right which were then known to the petitioner, will be refused consideration in a later petition.

"* * * However inept Cochran's choice of words, he has set out allegations supported by affidavits and nowhere denied that Kansas refused him privileges of appeal which it afforded to others. Since no determination of the verity of these allegations appears to have been made, the cause must be remanded for further proceedings."

In the habeas corpus proceeding of Boykin v. Huff, cited in the court's opinion, the record shows at page 869 of 121 F.2d that Boykin's petition stated no error in his trial and no more than "*I wish to prosecute an appeal,* inasmuch as there is an admitted possibility, however remote, of a reversal of a decision." (The italics are in the opinion.)

In our recent decision of Wilfong v. Johnston, 156 F.2d 507, Wilfong was sentenced in the absence of his counsel. We held the conviction valid but that the sentence should be set aside, though the petition made no claim that counsel's presence there would have made any change in the sentence. What concerned us (page 510 of 156 F.2d) was that it was possible Wilfong's counsel would have done something towards the amelioration of his sentence, just, as here, Thompson's counsel in all likelihood would have filed the notice of appeal.

The relief here sought is that customarily granted in an equitable proceeding where a successful litigant wrongfully possesses a judgment it is not entitled to hold. I can see no difference between ordering the setting aside of a judgment procured by the wrongful act of the United States, the successful prosecuting litigant, as in the case of Anderson v. United States, 318 U.S. 350, 357, 63 S.Ct. 599, 87 L.Ed. 829,[3] and the instant case of the United States, the successful litigant, retaining its judgment made final through the wrongful acts of the custodial agent in preventing an appeal.

I further dissent from the court's statement in the last paragraph of the opinion that the Cochran and Boykin cases have no application to the instant case because "The circumstances in Cochran v. Kansas, supra, were different. There the court to which the matter was remanded for inquiry was the court possessing jurisdiction to review for error the judgment of conviction; and similar jurisdictional situations existed in Boykin v. Huff * * *".

That is to say, if the Attorney General has confined a prisoner in the Eastern District of Tennessee where he was tried, his application for the writ in that district might have greater validity because the Sixth Circuit Court of Appeals would remand the habeas corpus proceeding to the court in which the petition was filed. The contention seems to be that since the Attorney General chose the Northern District of California as the place of confinement, the violation of the prisoner's constitutional rights are not to be considered.

This seems extraordinary doctrine. The only district court in which the petitioner may file his writ is that of the district in which he is confined. Jones v. Biddle, 8 Cir., 131 F.2d 853. The quoted statement is meaningless unless it implies that a California district court and we on appeal here have no power in a habeas corpus proceeding to hold a judgment of a Michigan district court invalid, because we can remand the habeas corpus proceeding only to the California court from which the appeal came.

Recently in three habeas corpus cases this court has granted relief to prisoners sentenced in the district courts in other circuits.[4] In each the case was remanded to a district court in this circuit. In each case the prisoner was returned to the district of the court of another circuit in which he was sentenced. In a fourth, Bledsoe v. Johnston, 154 F.2d 458, we recognized the propriety of a decision of the district court for the Northern District of California holding invalid the sentence of the district court of the Eastern District of Texas and

---

[3] In the Anderson case the wrongful act of forcing confessions appeared in the record and caused the judgment to be "set aside." It would as well have been set aside in habeas corpus if such facts were shown de hors the record of the prosecution.

[4] Wilfong v. Johnston, supra, (W. D. Michigan); Robinson v. Johnston, 9 Cir., 130 F.2d 202 (D. Kentucky); Johnston v. Wright, 9 Cir., 137 F.2d 914 (N.D. Illinois).

ordered the return of the prisoner there for a corrected sentence.

Since the question of the deprivation of counsel and loss of appeal comes from the only district court in which the appellant may present it, we must dispose of it "as law and justice require." In re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 327, 38 L.Ed. 149. As in that case, the remedy is the setting aside of the sentence and the adjudging of another. There, as here, the time for appeal had passed. If it be true that there is a presumption that the denial of the right of counsel and of appeal is not prejudicial unless overcome by a showing of the errors to be relied upon on the prevented appeal, then, on amendment of the petition with such a purported showing, it is for the court to determine whether the United States should be deprived of its judgment because of the wrongful acts of its agents. It cannot be that the Attorney General by choosing California as the place of imprisonment, appellant has no remedy at all in habeas corpus.

I further dissent from the incredulity of the court's opinion in its statement that Cochran v. Kansas and Boykin v. Huff "may be thought *to throw doubt* on the question whether the statutory right of appeal is not a part of due process as guaranteed by the Fifth Amendment." These cases following the statement of the Supreme Court in Frank v. Mangum, 237 U.S. 309, 327, 35 S.Ct. 582, 587, 59 L.Ed. 969,

"* * * And while the 14th Amendment does not require that a state shall provide for an appellate review in criminal cases * * * it is perfectly obvious that where such an appeal is provided for, and the prisoner has had the benefit of it, the proceedings in the appellate tribunal are to be regarded as a part of the process of law under which he is held in custody by the state, and to be considered in determining any question of alleged deprivation of his life or liberty contrary to the 14th Amendment,"

remove all doubt that a defendant in a federal criminal prosecution no more can be denied due process with reference to his appeal than with reference to his trial in the district court.

The judgment should be reversed and the appellant be permitted to litigate the issue tendered in his petition. Even if the holding of the court were correct and prejudice must be shown in addition to denial of due process, the appellant should be permitted to amend his petition.