**PLOUGH v. BALTIMORE & O. R. CO., and three other cases.**

Nos. 145–148, Docket 21197–21200.

United States Court of Appeals Second Circuit.

Feb. 14, 1949.

L. HAND, Chief Judge, dissenting.

James O. Moore, Jr., Wm. J. Brock and Edward H. Kavinoky, all of Buffalo, N. Y., for plaintiffs.

Strang, Bodine, Wright & Combs and Ellsworth VanGraafeiland, all of Rochester, N. Y., for defendant.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

These appeals are from judgments for the plaintiffs in each of four suits brought to recover damages, in two of the actions for death and in the other two for personal injuries, resulting from a collision between a train and a truck where a highway crosses appellant's railroad track at grade at a place known as Murphy's Crossing in Cattaraugus County, New York. At a former trial, judgments on verdicts were entered for the defendant. We reversed those judgments on grounds stated in the opinion in Plough v. Baltimore & O. R. Co., 164 F.2d 254, with which familiarity will be assumed.

The appellant now relies principally upon two claimed errors, one in the consolidation of the actions for trial after the remand and the other in the charge of the court to the effect that the railroad would be guilty of negligence if the jury found that it ran its train at an excessive and dangerous speed as it approached and crossed the highway.

■ The first of these contentions is apparently due to a misapprehension of the real reason for the previous reversal. The objection to the consolidation of the four cases for trial seems to have been prompted by the thought that, if neither Plough nor Van Slyke were given the status of a plaintiff in addition to that of a witness in a case being tried, the evidence of their employer's interest in the result of the trial, though not otherwise relevant, would be admissible. But our reasons given in the previous opinion for the exclusion of such emotionally prejudicial evidence, when a basis for such bias as a direct individual interest in the result of the trial could create had already been made apparent, did not rest upon the manner in which the cases were tried. The fact that the cases were before tried together merely did away with the need to prove the interest. At the time when witnesses had actions pending for trial against this defendant in which they were interested as parties and in which their rights depended upon the evidence of what occurred at or about the time of this accident, their interest to color their testimony in their own favor would be the same. Proof of their interest in such pending cases would be enough. It would therefore make no difference as to the admissibility of the offered evidence whether their causes were tried simultaneously with the others or were tried later and so the consolidation of the actions for trial was not an abuse of discretion.

■■ However unfortunate it may be to have repeated trials in these cases, we see no escape from another in view of the charge here given. Under the law of New York which is controlling under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it is clear there are no restrictions upon the rate of speed at which a railroad may run its trains over a highway crossing in the open country without being guilty of negligence if reasonable signals are given. Warner v. New York Cent. R. Co., 44 N.Y. 465; Hunt v. Fitchburg R. Co., 22 App.Div. 212, 47 N.Y.S. 1034; McKelvey v. Delaware, L. & W. R. Co., 253 App.Div. 109, 300 N.Y.S. 1263. Yet the court did not make this clear in the charge.

■■ It was charged correctly that the railroad had the paramount right of way where its track crossed the highway at a grade crossing but that this did not absolve the railroad from using "reasonable care and caution dictated by the circumstances" in giving an adequate and timely signal of the approach of its trains. Also that no particular kind of a signal was fixed by law and that failure to give an adequate and timely signal "would amount to negligence on the part of the railroad."

It was then charged, however, that the "other question relating to the alleged negligence upon the part of the railroad was with reference to the speed at which the train approached this crossing," and, after it was pointed out that compliance with the rules of the railroad was "not the test of whether the railroad was negligent in regard to speed," the jury was told that, "The test here again in regard to whether the speed of this train amounted to negligence on the part of the railroad is whether the operation of the train under these circumstances was reasonable and

whether it amounted to the exercise of reasonable care and caution under all the circumstances." And further, that, "If upon consideration of all the evidence you conclude that this train was being operated under these particular circumstances, and that the speed was excessive or dangerous to users of the highway, and that it exceeded the speed that reasonably prudent persons would have maintained under like circumstances, then that would amount to negligence upon the part of the railroad. If you conclude upon all the evidence that the railroad company was not negligent in either of these respects, that is, the sounding of a timely and adequate signal of the train's approach, and the speed of the train under these circumstances, then there may be no recovery in any of the cases, because the claim in all the cases is founded upon the charge of negligence upon the part of the railroad."

The jury returned a general verdict for the plaintiff in each case for the damages found and also a special verdict in which the following questions were answered as indicated.

1. Did the engineer sound an adequate and timely signal of the train's approach to the crossing? Answer, No.

2. Was the speed of the train excessive or dangerous as it approached the crossing, considering all the circumstances? Answer, Yes.

3. Was the driver of the truck guilty of any negligence contributing to the accident? Answer, No.

Thus it was explained to the jury (1) that the railroad would be guilty of negligence if a timely and adequate warning signal was not given to call attention to the approach of the train to the crossing and (2) that the railroad would also be guilty of negligence if the jury found that considering all the circumstances, the speed of the train was excessive or dangerous. The jury found the railroad negligent in both respects as the special verdict shows. What was excessive or dangerous speed under the circumstances was left to the judgment of the jury based upon its collective idea of what speed reasonably prudent

persons would have maintained under like circumstances and this was contrary to the law of New York as the above cited cases clearly show. It put the railroad in the legally untenable position of having to justify before the jury the sufficiency of signals given by a train which was, by hypothesis, being operated negligently in regard to speed alone. It requires no great knowledge of human nature to understand how this manner of submission would have confused the jury. It was placed in the position of determining what signals were "adequate and timely" for a train being operated negligently regardless of signals. The natural reaction of the members of the jury would be to attempt to set as to signals some standard for a railroad operating a train negligently in respect to speed which would protect those crossing its track on the highway in spite of the "excessive and dangerous" speed at which the train was being run. To be sure it can't be said that the jury would have found that the signals given were sufficient even on the assumption that there was no negligence in speed alone. The speed was whatever it was and the signals had to be adequate and timely in view of it. But that isn't the issue now presented, for the charge was erroneous and confusion on the part of the jury was likely. The appellant was entitled to have the applicable law clearly and correctly stated and to verdicts found in the light of such a charge.

■ While a special verdict may sometimes show that an error was not prejudicial, this one does not. It merely shows that the jury found the railroad negligent both as to speed and as to signals without any indication as to what effect the finding of negligent speed had on the finding that the signals were not "adequate and timely." Since it does not affirmatively appear that the confusion in the minds of the jury which would naturally follow from the error in the charge did not in fact prejudice the appellant, the judgment must be reversed. Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853; McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205; Majestic v. Louisville & N. R. Co., 6 Cir.,

147 F.2d 621; Orafina v. New York State Rys., 148 App.Div. 417, 132 N.Y.S. 784.

Reversed and remanded.

L. HAND, Chief Judge, dissents in separate opinion.

L. HAND, Chief Judge (dissenting).

The jury's answer to the first question appears to me to demand an affirmance, for by it they said that the engineer did not "sound an adequate and timely" signal. The only dispute in the testimony was not whether he began to blow too late, considering his speed; but whether he blew at all. I concede that, in spite of this, the jury may have thought that he did blow, but did not begin in time; and it is possible that they thought so, because he was going too fast; but rationally there is no connection between the two questions, and the very fact of their separation ought to have so indicated. The whistle if there was one, might have been "timely," though the jury thought the train was going too fast; it might not have been "timely," though they did not think so. It is the office of special verdicts to avoid the effects of misdirections by the judge. They are valuable—very valuable, I believe—just because when they are used, the charge need not be impeccable. I should think that this was a perfect illustration of their serviceability; for it seems to me gratuitous to assume that possibly the second answer infected, so to say, the first.

Judgment affirmed.