## UNITED STATES v. WILLIAMS et al.

### No. 14166.

United States Court of Appeals
Fifth Circuit.

April 30, 1953.

Bradford F. Miller, Asst. U. S. Atty., and Charles F. Herring, U. S. Atty., San Antonio, Tex., for appellant.

Archie S. Brown, Leonard Brown and Louis W. Schlesinger, San Antonio, Tex., H. M. Bellinger, San Antonio, Tex., for appellee Noral Williams.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The federal statute of jeofails, R.S. 1025, 18 U.S.C. § 556, was repealed by section 21 of the New Criminal Code that became effective on September 1, 1948. A similar remedial statute, 28 U.S.C. § 391, second sentence, directed to appellate federal courts, was repealed by section 39 of the Judicial Code that became effective on September 1, 1948. Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C., preserved the law as it existed under those statutes. A similar provision is found in Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C. Said Rule 52(a) is as follows: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded;" but under paragraph (b) of said rule plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. Said Rule 61 is a combination of the harmless error statute, 28 U.S.C. § 391, and 28 U.S.C. § 777, R.S. 954, with modifications. See McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205.

 While procedural rules have superseded the above statutes, and forms of pleadings have been altered or abolished in a number of instances, the substance of common law pleading in criminal prosecutions has not been abolished. Pleas, demurrers and motions to quash the indictment, are abolished except pleas of guilty, not guilty, and *nolo contendere,* but the same defenses may be raised before trial by motions as provided in the rules of criminal procedure. The indictment must contain a definite statement of the essential facts constituting the offense charged. An indictment in the language of the statute is ordinarily sufficient, the only exception being where the statute includes by implication an essential element of the offense.

 An indictment may be defective without being void. Defenses based on defects in the indictment other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. Failure to present timely any such defense or objection constitutes a waiver thereof. The essential facts requisite to a valid indictment are not the subject of waiver. Such facts must be stated in plain, concise, and definite language, sufficient to inform the accused

574

of the nature and cause of the accusation against him.

 Indirect expressions, implied allegations, argumentative statements, and uncertainty due to generalizations in language, are defects in an indictment that may be fatal if struck at by a timely motion before trial. Whether such defects or imperfections are the subject of waiver by the defendant depends upon whether the essential facts constituting the crime are definitely stated so as to inform the accused of the nature and cause of the accusation against him. This in the last analysis is always a judicial question, often a close one calling for a sound discretion, and it depends upon whether the indictment contains such a plain, definite, and certain statement of said facts as to enable the accused fully to prepare his defense on the instant trial, and to plead former jeopardy on any future trial. A bill of particulars may make specific a statement that is too general, but it can not supply the omission from an indictment of a fact that constitutes an essential element of the crime intended to be charged.

The petition for rehearing is denied.