**KNOLLMAN et al.**

v.

**UNITED STATES.**

No. 11969.

United States Court of Appeals
Sixth Circuit.

June 11, 1954.

2. Article 170 is set out in full text in footnote 5 to our former opinion, 196 F.2d 950, 957.

Lucien G. Strauss and Eugene P. Ruehlmann, Cincinnati, Ohio, Orville A. Troy, Strauss, Troy & Ruehlmann, Cincinnati, Ohio, on brief, for appellants.

John C. Harrington, Washington, D. C., Perry W. Morton, Roger P. Marquis, Washington, D. C., Ewing E. Wright, Osgood, Ind., for appellee.

Before ALLEN, Circuit Judge, and GOURLEY and STARR, District Judges.

ALLEN, Circuit Judge.

In these consolidated cases three contiguous parcels of land aggregating over 450 acres situated in Crosby Township, Hamilton County, Ohio, some eight miles northwest of the corporation line of Cincinnati, were sought to be taken in condemnation by the government. The following sums estimated to be due as just compensation were deposited in court by the government: $53,250 to defendants [1] Fuchs; $65,000 to defendants Irwin; and $72,000 to defendant Knollman. The jury in separate verdicts awarded $39,448 to defendants Fuchs, $60,643 to defendants Irwin, and $51,993 to defendant Knollman. Under authority of the District Court the defendants prior to trial had drawn and received from the government's deposits in court, sums in excess of the verdicts awarded, and deficiency judgments for such excess withdrawals were entered after the trial, against defendants Fuchs ($12,687.27), against defendants Irwin ($3,967.84), and against defendant Knollman ($18,812.05).

■ The principal issue in the case was whether this land, which had been used in operating three successful farms, had an enhanced value because of a reasonable probable demand for such land for industrial purposes. Olson v. United States, 292 U.S. 246, 255, 54 S.Ct. 704, 78 L.Ed. 1236; United States ex rel. Tennessee Valley Authority v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205; Boom Co. v. Patterson, 8 Otto 403, 98 U.S. 403, 25 L.Ed. 206. Defendants endeavored to show that, while 12,000 acres remained available in Hamilton County, it was mostly in small tracts unsuitable for industrial use because of lack of proper water supply or some other physical characteristic. In the Little Miami valley, for instance, there were gravel pits, which would have to be filled before the land could be so used. These facts were sought to be shown as evidence that the property was "needed or likely to be needed in the reasonably near future" for industrial purposes. Olson v. United States, supra [292 U.S. 246, 54 S.Ct. 708.] The court restricted defendants to the small area of Crosby Township and would not permit them to show the claimed lack of available industrial land in Hamilton County, or other circumstances within the economic unit of the Greater Cincinnati area tending to show that the prospect of demand for industrial use had increased the market value of these tracts. The court sharply limited proffers to show such facts. It would not permit a proffer on this point after sustaining an objection to a question as to whether defendants' expert knew of other industrial purchases in the area near Crosby Township in a time generally close to the taking. When counsel said "May I proffer?" the court said, "We have got enough proffers in there to last a long time. Next question." The court would not permit a proffer showing the qualifications of defendants' expert witness as to water problems. These proffers related to material and relevant evidence. It was error to exclude them. 64 C.J., Note 97 and cases cited.

■ On this phase of the case prejudicial error existed. The Greater Cincinnati area is the economic unit of Hamilton County within which operates the law of supply and demand so important on the question of market value. This law does not cease operating at the boundary of a township. We take judicial notice of the rapid industrial development within Hamilton County during and since the Second World War. It is the center of the national machine tool industry and recent extension of industry into the northwest areas of the county is a matter of common knowledge. The evidence with reference to lack of land in the area suitable for industrial purposes is directly relevant upon the crucial issue of probable de-

1. The landowners will be denominated defendants throughout this opinion.

mand for land such as that of defendants within the reasonably near future.

■ For the same reason it was reversible error to exclude evidence of recent sales of comparable land within the Greater Cincinnati area but outside Crosby Township. This is the established method of proving demand for such land for industrial purposes in the reasonably near future. Lewis on Eminent Domain, Third Edition, Vol. II, § 662; 18 Am.Jur. 994, 995. The error was prejudicial and was strongly emphasized when the court admitted evidence offered by the government of two recent sales of land not only outside Crosby Township but outside Hamilton County. One of these was a sale of 31 acres at less than $300 per acre; the other of a 68 acre tract at less than $200 per acre. Testimony as to such prices paid for land at about the time and in the vicinity was plainly prejudicial to the defendants, who made repeated objection. They had had no opportunity to prove other recent sales of similar land made in the vicinity at much higher prices.

■ In view of the exclusion of defendants' offered testimony with reference to sales of the same kind upon the ground that they were not within Crosby Township, the admission of this testimony on behalf of the government was discriminatory. It was not only reversible error but also an abuse of discretion. Moreover, it is a fair inference that the court recognized, when it admitted testimony of these sales outside Crosby Township on behalf of the government, that the proper test of admissibility in such cases is not the political dividing line, be it township or county. The distinction made by the court was unrealistic and unworkable, and in fact the court so held when it allowed testimony as to the sale of the Ervan property on the ground that it was 1,000 feet from Crosby Township although in a different township and county. The proper test is the similarity in character and locality of the land sold, together with the fact that the

sale was not so far removed in point of time from the appropriation as to make a comparison inaccurate or impossible. The sale must have been not compulsory and made on a free and open market. 18 Am.Jur. 994, 995. These features will vary as the particular situation varies. On the point of similarity in character and locality, obviously if part of an allotment is condemned, sales, in order to be evidence of market value, should be of lots either within the immediate vicinity or very close. But when large areas of open country are involved, similarity of character and locality depends not upon mere propinquity. Benham v. Dunbar, 103 Mass. 365, 369. The character of such land situated several miles from land condemned may well be more comparable than that within a few hundred feet. This is a question to be decided in the first instance and in his discretion by the trial court. Jones v. United States, 258 U.S. 40, 48–49, 42 S.Ct. 218, 66 L.Ed. 453; Fain v. United States, 6 Cir., 145 F.2d 956, 958. But here we think discretion was not exercised. Defendants should have been permitted to prove the case presented in their proffers without being restricted to Crosby Township. Whether the land which defendants sought to compare was within 2,000 feet or 8 miles from the tracts in controversy went to the weight rather than to the competency of the evidence. The trial court, when it admitted evidence on behalf of the government as to sales outside Crosby Township, should have reopened the case and permitted defendants to present evidence along the lines previously excluded. This should have included the evidence proffered as to subsequent connected sales of comparable land in Harrison and Whitewater Townships adjacent to Crosby Township about one year after the taking if shown to have no increment of value due to the project. The court excluded this testimony because the land was not in Crosby Township.

A careful reading and rereading of the record force us to conclude that the trial was not fair to the defendants.

No error is assigned to the charge. Other assignments of error have been considered but we deem it unnecessary to discuss them. As to certain claimed errors defendants did not properly preserve their record.

The judgment of the District Court is reversed and the case is remanded for new trial in accordance with this opinion.