**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George Fremont MEAGLEY, Defendant-**
**Appellant.**

**No. 11834.**

United States Court of Appeals
Seventh Circuit.

Jan. 3, 1957.

Gerald M. O'Connor, Peoria, Ill., for appellant.

John B. Stoddart, Jr., U. S. Atty., Robert B. Oxtoby, Springfield, Ill., Marks Alexander, John M. Daugherty, Asst. U. S. Attys., Springfield, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

MAJOR, Circuit Judge.

Defendant was charged in an indictment returned May 3, 1955, with a viola-

tion of Title 18 U.S.C.A. § 641. It was alleged that beginning about January 12, 1954, defendant "did embezzle, steal, and knowingly convert to his own use, certain articles of value of the United States, to-wit: divers and sundry drugs, pharmaceutical, and medical supplies of a value to the United States in excess of $2,000.00." Defendant was convicted by a jury, which fixed the value of the property at $200.00. Upon this verdict judgment was entered, from which defendant appeals.

Defendant during the relevant period was a Technical Sergeant in the United States Air Force, and for three and one-half years had been stationed at the Hanna City, Illinois, Air Force Base, where his assignment was medical supervisor of the base dispensary. No medical doctor was assigned to the base but the services of physicians located in nearby cities were utilized. We see no point in reciting either the proof offered by the government or that offered by the defendant for the reason that defendant raises no question in this court as to the sufficiency of the proof to support the verdict in the absence of prejudicial error.

Two contentions are advanced in this court as a basis for reversal: (1) that a government witness during the course of his examination made a statement prejudicial to defendant, and (2) that the court erred in permitting introduction of what is referred to as government's Exhibit No. 1, a directive of the Commanding General of the Air Force relative to the duties and responsibilities of medical service technicians.

The first contention is based upon the following incident: A witness for the government testified to a conversation had with defendant a short time prior to his indictment, at which time he obtained a written statement from defendant concerning his activities in connection with another incident. Then followed the question, "Was that incident connected in any way with the incident on trial or because of the action being tried here?" Over objection, the witness gave the asserted prejudicial answer, "The signed statement involved the forgery of a prescription." Later the question was asked, "Was that incident connected in any way with the incident on trial or because of the action being tried here?" At that point the court stated, "The objection will be sustained to the last question." No motion was made that the answer be stricken and the trial judge took no action in that respect. Counsel for defendant makes the rather plausible point that a motion on his part or any action by the court would have only resulted in accentuating the harm which had been done.

The government concedes that the statement of the witness relative to defendant's forgery of a prescription, a matter unrelated to the charge before the court, was error; in fact, in its brief the government states, "Most assuredly such was prejudicial and its presence was out of place in the trial of one charged with the embezzlement and conversion of government property. If it had been deliberate we would have confessed error long ago." True, there is nothing to indicate and no reason to believe that the government intended or expected the witness to answer as he did. At the same time, we are not able to discern how innocence on the part of government counsel mitigates the damaging effect which the statement was calculated to have on the minds of the jury and the rights of the defendant.

Notwithstanding the concession which the government makes, it is argued that when the record is considered as a whole, the statement was not prejudicial. In the first place, after reading the testimony we are not convinced that the proof of defendant's guilt was as convincing as the government asserts. In the next place, we think the statement was calculated to produce a prejudicial effect. Certainly it might have done so.

The government relies upon Title 28 U.S.C.A. § 391, to the effect that though there be error "the court shall give judgment after an examination of

the entire record \* \* \*, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."[1] In McCandless v. United States, 298 U.S. 342, 347, 56 S.Ct. 764, 766, 80 L.Ed. 1205, referring to this same statutory provision the court stated: "This, as the language plainly shows, does not change the well-settled rule that an erroneous ruling which relates to the substantial rights of a party is ground for reversal unless it *affirmatively* appears from the whole record that it was not prejudicial." Later, in Bihn v. United States, 328 U.S. 633, 638, 66 S.Ct. 1172, 90 L.Ed. 1485, the court cited with approval this statement from the McCandless case. More than that, notwithstanding some judicial expressions to the contrary, we are of the view that a reviewing court need not be too much concerned with the guilt or innocence of a defendant. The vital concern is whether he has had a fair trial. Apropos to this view the court in Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 1247, 90 L.Ed. 1557, stated: "And the question is, not were they [the jury] right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision. The crucial thing is the impact of the thing done wrong on the minds of other men, not on one's own, in the total setting." And in the same case, on the following page the court stated: "The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

Unfortunately, there is no way in this or any other case to fathom the minds of a jury so as to know of the matters which entered into or affected their verdict. The most charitable appraisement which we can make of the error is that it was calculated to and might have affected the result; it cannot be held that the contrary affirmatively appears from the record. Such being the situation, the conviction cannot stand.

Having thus concluded, it is not necessary to comment on defendant's other contention relative to the admission of government's Exhibit No. 1. The judgment is reversed and the cause remanded.

**1.** Now Fed.Rules Crim.Proc. rule 52, 18 U.S.C.A.