UNITED STATES of America,
Plaintiff-Appellee,

v.

**79.39 ACRES OF LAND IN BRECKIN-RIDGE AND MEADE COUNTIES, KENTUCKY, Frances E. Bosley, Robert Lowell Bosley and Alfreda Bosley, His Wife, and James Allen Bosley, Defendants-Appellants.**

No. 20683.

United States Court of Appeals,
Sixth Circuit.

March 25, 1971.

John P. Sandidge, Louisville, Ky., for defendants-appellants; Woodward, Hobson & Fulton, Louisville, Ky., on brief.

Thomas L. Adams, Jr., Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellee; Walter Kiechel, Jr., Acting Asst. Atty. Gen., Robert S. Lynch, Atty., Dept. of Justice, Washington, D. C., John L. Smith, U. S. Atty., Louisville, Ky., on brief.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

PER CURIAM.

As a result of the proposed building of the Cannelton Dam on the Ohio River, requiring the flooding of certain lands in Meade County, Kentucky, plaintiff-appellee, United States of America, filed condemnation suits for certain permanent and temporary flowage easements over two tracts of farmland owned by de-

fendants-appellants, all of whom are members of the Bosley family. In their appeal the Bosleys protest vehemently the inadequacy of the condemnation awards arrived at by a jury after trial before the District Judge. The jury awards, however, were clearly within the values set by the expert testimony which had been presented to the jury by the disputing parties.

The only appellate issue of substance pertains to the District Judge's rulings striking the entire testimony of one of the two expert witnesses produced at trial by defendants-appellants and refusing to allow him to be recalled for further examination on the ground that his testimony had demonstrated his disqualification.

A review of this record indicates that the witness who was excluded was a real estate man who had intimate familiarity with the sale of farm properties in Meade County. He testified without any dispute on this record that he was a licensed real estate dealer under the laws of the state and had been such for thirteen years, that his firm sold 90% of the properties sold in the area in which the farm was located, and that he had been admitted as a member of the National Association of Real Estate Appraisers. On these and other facts before him, the District Judge ruled that this witness did qualify as an expert for purposes of testifying as to condemnation values and allowed appellants' counsel to examine him.

In the course of this examination, it rapidly developed that however familiar with real estate sales and appraisal work this witness may have been, he was quite unfamiliar with the technicalities of expert testimony pertaining to value in a federal condemnation case. The District Judge exhibited considerable patience in educating the witness as to the proper form which his testimony should follow. On ascertaining, however, that he had taken into account one sale dated after the date of the filing of this condemnation case, the District Judge ruled the witness disqualified, refused to allow him to be examined further, and told the jury to disregard his testimony completely.

 There is no automatic rule which holds that such testimony serves to disqualify an expert witness. Indeed, there is no absolute rule which forbids taking subsequent sales into account, depending upon the circumstances concerned. United States v. 63.04 Acres of Land, 245 F.2d 140, 144 (2d Cir. 1957); United States v. Meadowbrook Club, 259 F.2d 41, 46 (2d Cir.), cert. denied 358 U.S. 921, 79 S.Ct. 290, 3 L.Ed.2d 239 (1958); Knollman v. United States, 214 F.2d 106, 109 (6th Cir. 1954).

Although we recognize the difficulty which confronted the District Judge, on the total record we conclude that it was an abuse of discretion to deprive appellants of testimony of one of their two expert witnesses, and that it may have prejudiced the result.

Reversed and remanded for new trial.