**GRAVEL AND SHEA, Appellant,**

v.

**VERMONT NATIONAL BANK, Appellee.**

**No. 2:92–CV–147.**

United States District Court,
D. Vermont.

Jan. 4, 1993.

Norman C. Williams, Robert F. O'Neill, Gravel and Shea, Burlington, VT, for appellant.

Richard A. Lang, Jr., Frank E. Talbott, Wilson, Powell, Lang & Faris, Burlington, VT, for appellee.

## OPINION AND ORDER

PARKER, Chief Judge.

### Introduction

Appellant Gravel & Shea, a Burlington law firm, currently has three separate appeals pending in this Court. Each stems from separate orders issued by United States Bankruptcy Judge Francis G. Conrad. The first appeal is from an Order of the Bankruptcy Court denying appellant's Motion to Extend Time to File Notice of Appeal. (92–CV–147, Paper # 1) ("Motion to Extend"). The second is from the Bankruptcy Court's Order denying appellant's Motion to Vacate and Reissue Order Denying Reconsideration or, in the Alternative,

Give Effect to Notice of Appeal. (92–CV–244, Paper # 1) ("Motion to Vacate"). The third concerns the Bankruptcy Court's grant of appellee Vermont National Bank's Motion to Strike Gravel & Shea's Objections to Proposed Findings of Fact and Conclusions of Law Under Rule 9033. (92–CV–174, Paper # 1). Appellant has moved that the appeals be consolidated, contending that the issues in each case are closely related and the facts are identical. Appellee Vermont National Bank (VNB) opposes the motion, not surprisingly claiming that the appeals involve distinctly different issues of law and fact.

## Background

The relevant chronology of the matters at issue is apparently not in dispute. Appellant obtained a $145,000 settlement for a client, Chatham Precision, Inc. (CPI). Prior to achieving settlement, CPI filed for bankruptcy. Subsequently, the Bankruptcy Court approved the settlement and, pursuant to a stipulation between CPI, VNB, appellant and the U.S. Trustee in October 1990, ordered $55,000 of the $145,000 to be paid to VNB as the primary secured creditor of CPI with the remaining $90,000 to be placed in an escrow account pending resolution of appellant's claim for attorney fees. In January 1991 VNB filed a claim asserting that it was entitled to the $90,000 in the escrow fund based on an assignment from CPI in March of 1990 and its general security interest. VNB claimed that appellant waived any common law lien it may have had by failing to notify VNB of any such lien. Appellant opposed the claim, denying that VNB had a superior lien and that it had waived its common law lien.

The Bankruptcy Court held a hearing in June of 1991 and ruled from the bench that appellant had waived any common law lien, to which appellant filed a notice of appeal.[1] On September 12, 1991, the Bankruptcy Court issued written findings of fact and conclusions of law that held VNB was entitled to the $90,000 escrow fund.

Appellant filed a Motion for Reconsideration of the September Order with the Bank-

ruptcy Court. The Bankruptcy Court held a hearing on the motion in December of 1991 and at the hearing indicated it would deny the motion. On February 5, 1992 the Bankruptcy Court signed an Order denying the motion, which was filed on February 7, 1992. Appellant was not notified about the February 7th decision until February 25, 1992, after the ten-day period for filing an appeal had run. Accordingly, on February 28, 1992, appellant moved to extend time to file notice of their appeal of the February 7th decision.

Shortly after filing the motion to extend time, appellant filed two more papers, a Motion to Vacate and Objections to Proposed Findings of Fact and Conclusions of Law under Bankruptcy Rule 9033. ("Objections to Proposed Findings").

On April 20, 1992, the Bankruptcy Court issued an Order denying appellant's Motion to Extend stating it lacked jurisdiction to do so. On May 19, 1992, the Bankruptcy Court issued an Order striking appellant's Objections to the Proposed Findings, holding that Bankruptcy Rule 9033 did not apply because the proceeding before the court constituted a core proceeding as opposed to a noncore proceeding. Finally, on July 20, 1992, the Bankruptcy Court denied appellant's Motion to Vacate, stating that appellant's failure to file a timely notice of appeal was neglect within its control. Appellant filed timely notices of appeal to each of these three orders with this Court and now seeks to have the appeals consolidated.

## Discussion

■■■ Bankruptcy Rule 7042 addresses the consolidation of adversary proceedings by reference to Federal Rule of Civil Procedure 42. That rule provides, in part, that:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as

---

1. This is the notice referred to in the "second" appeal herein.

may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). As is apparent, when a common question of law or fact exists in separate actions a court may elect to consolidate those actions in the interests of judicial economy. A court has broad discretion in deciding whether consolidation is desirable, *Plough v. Baltimore & Ohio Railroad Co.*, 172 F.2d 396, 397 (2d Cir.), *cert. denied* 337 U.S. 940, 69 S.Ct. 1518, 93 L.Ed. 1745 (1949), and when separate actions are consolidated under Rule 42(a) they do not lose their separate identity. *Garber v. Randell*, 477 F.2d 711, 716 (2d Cir.1973).

■ In reviewing the three appeals currently pending, the Court believes that consolidation is permissible under Rule 42(a) for the first two appeals, e.g., the Motions to Extend (92–CV–147) and the Motion to Vacate (92–CV–244), but not for the third appeal concerning appellant's Opposition to the Proposed Findings (92–CV–174).

Appellant's first two appeals concern whether its failure to file a timely notice of appeal to the Bankruptcy Court's Order denying reconsideration was the result of excusable neglect. Appellant's motion to extend the time for filing a notice of appeal pursuant to Bankruptcy Rule 8002(c) was denied by the Bankruptcy Court on the grounds that it was "without jurisdiction to extend the time to appeal under the facts of this motion." The Bankruptcy Court would only be without jurisdiction if appellant failed to meet one of three requirements.[2] Because appellant requested the extension within the twenty day period following the expiration of time to file notice of appeal and the Order dismissed a motion for reconsideration, it must be assumed that the Bankruptcy Court reached the conclusion it had no jurisdiction because the appellant had not carried its burden of establishing excusable neglect under Bankruptcy Rule 8002(c).

In denying the motion to vacate and reissue the Order denying reconsideration, the Bankruptcy Court stated that the clerk's failure to notify appellant of the entry of judgment did not excuse the untimely filing of a notice of appeal under Rule 8002. Again, I must assume that this conclusion was reached because appellant was unable to establish that the failure to file timely notice was the result of excusable neglect.[3]

It is clear then that the first two appeals concern common issues of law and fact surrounding appellant's failure to file timely notice of appeal and whether that failure is excusable. As both parties have previously placed a premium on the efficient administration of this case, it strikes the court that consolidating these two appeals serves not only the interests of efficiency and economy but the interests of the parties. Such is not the case with appellant's opposition to the proposed findings of the Bankruptcy Court.

■ Appellant made this third motion under Bankruptcy Rule 9033 which applies only to non-core proceedings. In non-core proceedings, as opposed to core proceed-

---

2. Bankruptcy Rule 8002(c) allows a bankruptcy judge to extend the time for filing a notice of appeal for a maximum of 20 days. The request to extend must be made before the time for filing notice of appeal has expired except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.
Bankr.Rule 8002(c).

3. Appellant contends that this second motion was not based on Rule 8002 but rather on Rule 9024 which in turn references Federal Rule of Civil Procedure 60. Appellant specifically claims that its motion was based on Rule 60(b)(6) which allows a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). In any case, whether the court's rationale centered on excusable neglect or "any other reason justifying relief" the facts it had to consider are the same as those necessary to determine whether appellant's motion to extend the time for filing a notice of appeal should be granted.

ings [4], a bankruptcy court may not enter final judgments but rather must submit proposed findings and conclusions of law to the district court of that judicial district which will enter any final orders or judgment. A party may object to a bankruptcy court's proposed findings and conclusions of law pursuant to Bankruptcy Rule 9033. The portions objected to are subject to *de novo* review by the district court. 28 U.S.C. § 157(c)(1).[5]

 In the case at hand, appellant filed objections to the Bankruptcy Court's proposed findings and conclusions of law after its motion for reconsideration was denied. The Bankruptcy Court ruled that by appellant's own admission and its subsequent conduct, appellant expressly and tacitly agreed to the characterization of the proceedings as core proceedings or at the least to the entry of a final judgment by the Bankruptcy Court. As such, the Bankruptcy Court held that its findings and conclusions of law constituted a final judgment that was subject only to appeal through 28 U.S.C. § 158(a) and not Bankruptcy Rule 9003.

Appellant's appeal from this ruling of the Bankruptcy Court centers around whether, as a question of law, the underlying action can be characterized as a core proceeding in the first place and whether, as a question of fact, it consented to this characterization, either expressly or tacitly. This action has little in common with the other two except for the fact that it is the result of the Bankruptcy Court's denial of the motion to reconsider and stems from the appellant's original attempt to collect attorney's fees. The questions of law and fact which underlie it are distinct and different from the issue of whether appellant's failure to file timely notice of appeal was excusable. Therefore, consolidation of this action with the other two is not appropriate.

---

4. In core proceedings, a bankruptcy court may make final judgments which may then be appealed in the same manner as judgments in civil proceedings at the district court level may be appealed to the appellate level. 28 U.S.C. § 157(b)(1), 158(a).

*Conclusion*

Appellant's Motion to Consolidate Appeals (92–CV–147, Paper # 13) is GRANTED in part and DENIED in part. The appeals in 92–CV–147 and 92–CV–244 are to be consolidated. The appeal in 92–CV–174 is to continue individually.

---

5. An exception to this rule is where all parties in a non-core proceeding consent to entry of final judgment by the bankruptcy court. In such circumstances, a bankruptcy court's final judgment is subject to the appeal provisions of 28 U.S.C. § 158(a).